Sadie Engel et al. [1] v. Commissioner. Engel v. Commissioner
Docket Nos. 49733, 49756, 49909.
United States Tax Court
T.C. Memo 1958-52; 1958 Tax Ct. Memo LEXIS 182; 17 T.C.M. (CCH) 266; T.C.M. (RIA) 58052; March 31, 1958
*182 Reconstruction of income: Unreported business and dividend income: Burden of proof. - Although taxpayer was advised several times by the Court to employ counsel and at least two continuances were granted for this purpose, taxpayer undertook to represent himself, his wife and his son before the Court. The Court found that the taxpayer failed to introduce any evidence to overcome the presumption of correctness accorded the Commissioner's determinations. The Court upheld the Commissioner's determination that taxpayer had received unreported business income of $18,432 and $35,461 during 1944 and 1945, respectively, and other unreported dividend income during 1945, 1946, and 1948. Family partnership: Recognition: Proof. - A taxpayer, who represented himself and his wife before the Tax Court, failed to prove that the Commissioner was in error when he failed to recognize the existence of a partnership in the handkerchief business composed of taxpayer, his wife and son. Taxpayer was taxable on all the income from the handkerchief business during 1946-1948; his wife was taxable on none of this income. Deductions: Medical expenses: Proof. - Since the taxpayer failed to meet his burden *183 of proof, the Court upheld the Commissioner's adjustments in medical expense deductions for 1944, 1945 and 1947 resulting from the reconstruction of taxpayer's income for those years. Also, disallowance of a deduction for unsubstantiated medical expenses claimed for 1948 was proper. The Commissioner properly disallowed deductions claimed by the wife on her returns for 1946 and 1947 for unsubstantiated medical expenses. Dependents: Sisters: Proof of dependency. - Taxpayer, who represented his wife before the Court, failed to prove that his wife supplied more than one-half of the support of her three sisters during 1946-1948. The wife was not entitled to claim exemptions for the sisters for those years. Penalties: Fraud: Negligence. - At the trial, the Commissioner conceded that taxpayer was not liable for fraud penalties for 1943-1948 and that, therefore, a deficiency determined for 1943 was barred by the statute of limitations. Since the wife was not a member of an alleged family partnership, negligence penalties determined on the basis of her unreported income from the partnership were not sustained. Jurisdiction: Son's petition signed by father: Son in mental institution. - *184 Where no legal guardian had been appointed for taxpayer's son who was in a mental institution, the Tax Court had no jurisdiction over a petition filed in the son's name and signed by the father as "agent" for the son. No power of attorney was filed with the Court. Isaac Engel, 80 Delancey Street, New York, N. Y., pro se. John M. Doukas, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in petitioners' income tax and additions *185 thereto as follows: Sadie Engel
Additions to tax
Taxable year ended
Deficiency
Sec. 291(a)
Sec. 293(a)
Sec. 293(b)
I.R.C. 1939
Dec. 31, 1946
$ 4,086.35
$204.32
Dec. 31, 1947
1,913.29
95.66
Dec. 31, 1948
1,547.32
77.37
Dec. 31, 1949
35.51
Joel Engel
May 31, 1946
$ 112.20
$ 5.61
May 31, 1947
860.24
43.01
May 31, 1948
885.35
$221.34
Isaac Engel
May 31, 1943
$ 3,619.39
$ 1,809.70
May 31, 1944
9,483.52
4,741.76
May 31, 1945
28,515.30
14,257.65
May 31, 1946
44,238.23
22,119.12
May 31, 1947
20,775.33
10,387.67
May 31, 1948
15,105.59
7,552.80
It is difficult to ascertain from the petitions filed herein what issues are before us in these proceedings. We will assume in petitioners' favor that the intent of the petitions is to put at issue in these cases all of the respondent's determinations and adjustments more particularly described as follows: The deficiencies in the case of Isaac arise by reason of respondent's determinations as follows: (1) "that income from business reported in your returns for the taxable years ended May 31, 1943, 1944 and 1945 was understated *186 * * *" in the respective amounts of $17,869.61, $18,432.79, and $35,461.97; (2) that so much of the deductions claimed on account of medical expenses for the fiscal years 1944, 1945, and 1947 as was not in excess of 5 per cent of Isaac's net income as adjusted by respondent for these years was disallowed; (3) that of the $3,000 claimed by Isaac as a deduction on account of medical expenses in 1948, $1,500 was "Disallowed as unsubstantiated" and the remainder disallowed as not being in excess of 5 per cent of Isaac's net income for that year as adjusted by respondent; (4) that Isaac received unreported "Dividend income" in the fiscal years 1945, 1946, and 1948 in the respective amounts of $175, $232, and $180; and (5) "that the total profits of Engel's Handkerchiefs, also known as Engel Mills [purportedly a partnership composed of Isaac, his wife Sadie, and his son Joel], constitutes income taxable to [Isaac] within the purview of Section 22(a) of the Internal Revenue Code" and, accordingly, that his gross income for the fiscal years 1946, 1947, and 1948 was increased in the respective amounts of $51,980.68, $31,054.77, and $31,343.75. In the case of Sadie *187 Engel, the greater part of the deficiencies results from respondent's determination (inconsistent with his determination in the case of Isaac) that her "distributive share of the net income from the partnership of Engel's Handkerchiefs, also known as Engel Mills, has been increased in the amounts of $3,827.82, $2,386.57, $4,215.81 and $174.65 in [her] taxable years ended December 31, 1946, 1947, 1948 and 1949, respectively, representing [her] share of the adjustments to the net income of that partnership * * *." The respondent also disallowed surtax exemptions claimed in her returns filed for 1946, 1947, and 1948 on account of her three sisters as not substantiated, and for the same years disallowed as unsubstantiated deductions for medical expenses. For 1949 respondent disallowed a part of the claimed deduction for medical expense as not being in excess of 5 per cent of her adjusted gross income as adjusted. At the trial herein respondent conceded that Isaac was not liable for additions to tax under section 293(b), I.R.C. 1939, and also conceded that any deficiency against Isaac for his fiscal year 1943 is barred by section 275(a). In the case of Joel Engel, the deficiencies *188 result from the respondent's determinations that deductions claimed on account of charitable contributions should be disallowed as not substantiated in each of the taxable years, that his distributive shares of the net income from the partnership of Engel's Handkerchiefs, also known as Engel Mills, should be increased for the years ended May 31, 1947 and 1948 (a determination inconsistent to that made in the case of Isaac), and that certain portions of the claimed deductions on account of medical expenses should be disallowed pursuant to section 23(X), I.R.C. 1939. Two of the petitions in these cases were filed in July 1953, and one was filed in August of that year. Two of the cases have been at issue since September 1953, and one since November of that year. They were set for trial on March 28, 1955, May 9, 1955, October 10, 1955, January 23, 1956, and April 9, 1956. Each time they were continued upon motion of the petitioners. On the occasion of the granting of the motions for continuance in October 1955, and also in January 1956, it was forcefully pointed out to petitioner Isaac, who was appearing on behalf of himself and the other petitioners, that an attorney should be employed *189 in order that they might be adequately represented and their contentions properly presented. On January 25, 1956, Isaac assured the Court that he would "engage an attorney." The Court, in its Order of Continuance dated that day, recited that Isaac had assured "the Court that counsel would be obtained to represent petitioners and be prepared to proceed to trial at an early date * * *." These cases were then set for trial on October 22, 1956. On that date, Isaac appeared again without counsel and the Court again admonished him that he should have an attorney. Isaac then stated that it was impossible for him to employ counsel. Accordingly, the trial of these cases was held on October 26, 1956, with Isaac appearing pro se in Docket No. 49909, and purporting to appear for the petitioners Sadie and Joel in Docket Nos. 49733 and 49756, respectively. Findings of Fact Petitioners Isaac and Sadie are husband and wife. Petitioner Joel is their son. All reside in Brooklyn, New York, and filed their Federal income tax returns for the years in question with the then collector of internal revenue for the second district of New York. Isaac conducted a mercantile business as a sole proprietorship *190 during the fiscal years ended May 31, 1944 and 1945 at 80 Delancey Street, New York City, under the name of Engel's Handkerchiefs, also known as Engel Mills. He included the income from this business in his individual tax returns for those fiscal years. For the taxable years ended May 31, 1946, 1947, and 1948, the income from this business was reported on partnership income tax returns. Petitioners' respective interests in the alleged partnership were reported on the returns as follows: Isaac Engel
70 per cent
Sadie Engel
15 per cent
Joel Engel
15 per cent
During the period from September 1, 1943, to July 31, 1944, Isaac purchased merchandise from Arthur Engel and Mandel Engel, doing business as the Century Handkerchief Company, a partnership. Invoices were issued by Century for only a part of these sales. Isaac paid for these purchases by check and with cash. Isaac testified as a witness on behalf of respondent in the consolidated proceedings of Arthur Engel, Docket No. 27069, and Mandel Engel, Docket No. 27070, on November 28 and 29, 1950. At the trial of those cases there were present in the Court a cash book, consisting of receipts and disbursements for *191 the year 1943-1944, and a similar book for 1944-1945. Also present at the hearing were certain canceled checks, checkbook stubs, purchase invoices, and related purchase data. Isaac did not have any accounts payable book, or purchases book, or any general ledger in the courtroom. Isaac kept no accounts payable book or purchases book subsequent to May 1944. He kept unpaid purchase invoices in a folder and made entries in the cash book when he paid the bills. At some time prior to the hearing in these proceedings Isaac left the mercantile business. Isaac is now engaged in the real estate business, his income from which amounts to approximately $8,000 per year. Isaac owns his residence which he purchased for $38,000 in 1943. At the time of the hearing in these cases the house was mortgaged in the amount of $17,000. The statutory notices of deficiency herein are dated June 4, 1953. At that time and subsequent thereto, Joel was and has been mentally incompetent and a patient in a State mental institution. The notice addressed to Joel was received by Sadie. The petition filed herein in Docket No. 49756 on July 23, 1953, was signed and verified by Isaac as "Agent for Joel Engel." No *192 power of attorney has been filed by Joel naming Isaac as his legal representative. No guardian has been appointed for Joel. Opinion KERN, Judge: The questions for our decision in the instant cases involve the correctness of the respondent's determination that petitioners had received during the taxable years certain unreported income, and respondent's disallowance of certain of their deductions. The burden of proving error in the respondent's determination rests on the petitioners. Rule 32, Tax Court Rules of Practice; Gibb Instrument Co., 1 B.T.A. 278 (1925). Petitioner Isaac Engel was advised numerous times by both the Court and respondent's counsel to employ an attorney in order to present his case through qualified counsel. At least two continuances were granted for the purpose of allowing petitioners to engage counsel. However, Isaac appeared without counsel at the trial herein and undertook to represent himself and his wife and son, the other petitioners in these proceedings. As a result, it is an understatement to say that the state of the current record is extremely unsatisfactory. Petitioners introduced no evidence of any probative weight respecting any *193 of the issues raised in the various petitions. The only testimony presented was that of Isaac, which consisted largely of indiscriminate and unsupported charges and statements referring to numerous agents of respondent, some deceased and some present at the hearing, including a charge that one of them threatened to shoot him. As best as we can determine, petitioners' case consists not of proving that respondent's determinations were incorrect, but of proving his lack of such proof. Isaac argues that he cannot prove the respondent's errors because respondent has, at various times during the past decade or so, made use of his books and records and steadfastly refused to return them. However, there is no corroboration for this charge which is found throughout petitioners' "pleadings," testimony, and "briefs." Some of respondent's agents named by Isaac as having used his books and records are now deceased, others are still in respondent's employ, including some who were present at the hearing. Petitioners did not subpoena these agents as witnesses, nor did they seek to have them testify at the hearing in the instant proceedings. The most convincing evidence before us concerning respondent's *194 use of petitioners' books and records is that which we have been able to glean from a careful perusal of the consolidated proceedings of Arthur Engel, Docket No. 27069, and Mandel Engel, Docket No. 27070 (Memorandum Opinion of this Court, dated July 31, 1952). In those cases Isaac, appearing as a witness for respondent, testified that he made certain cash purchases from a partnership known as the Century Handkerchief Company, composed of the two petitioners therein (Isaac's brothers). There were present at that hearing Isaac's cash books, consisting of receipts and disbursements for the years 1943-1944 and 1944-1945, various canceled checks, checkbook stubs, and supporting memoranda for the same period. Isaac's testimony at that time covered cash purchases, including purchases from other suppliers, amounting to approximately $126,000 and $275,000 for the calendar years 1943 and 1944, respectively. Assuming as established herein the amounts of purchases testified to at the prior hearing, the result would still fall far short of the amounts included in Isaac's tax returns as "Merchandise bought for sale," viz., $1,087,790.81 and $1,453,840.82 for the fiscal years 1944 and 1945, respectively. *195 Even if the amounts of "Merchandise bought for sale" had been fully substantiated (as they obviously were not), the petitioners would not have borne their burden of proving that respondent's determination in connection with this issue was erroneous. Respondent's determination was not that the cost of goods sold was overstated. In the case of Isaac he determined that "income from business reported * * * was understated * * *" while in the cases of Sadie and Joel he determined that their "distributive share of the net income from the partnership * * * has been increased * * *." Unreported income may result from omissions of sales as well as from overstatement of cost of goods sold. Here, there has been an attempt to prove part of the cost of goods sold but no attempt to prove any other of the factors necessary to the ascertainment of net income. Since petitioners have failed to introduce any evidence with which to overcome the presumption of correctness accorded to respondent's determinations, we are left with no alternative but to rule against petitioners for failure of proof as to all issues which may be considered as presented in the cases over which we have jurisdiction. Our *196 conclusion as to failure of proof carries with it a conclusion that there was no valid partnership existing between Isaac, Sadie, and Joel during the taxable years. Respondent on brief has conceded that in the event of such a conclusion there must be a reduction in the deficiency with respect to Sadie and an elimination of the additions to her taxes on account of negligence. These adjustments will be made in recomputations hereinafter to be filed. At the hearing of these proceedings we raised the question as to whether we had jurisdiction of the petition in the case of Joel Engel, Docket No. 49756. The jurisdictional issue can be raised by the Court on its own motion if neither party pleads it. Coca-Cola Bottling Co., 22 B.T.A. 686 (1931). We have found as a fact that Joel was in a mental institution at the time of the hearing in these cases and for an undetermined period before that date, but including the period in which the deficiency notices were mailed and received. The petition in the proceeding of Joel Engel, Docket No. 49756, was signed by Isaac as agent for Joel. Rule 7 of the Tax Court Rules of Practice requires the petition to be signed and verified by the *197 taxpayer with an exception not here pertinent. In the instant cases no legal guardian has been appointed for Joel. We were not informed as to the capacity in which Isaac acted for Joel, other than by the notation "Agent" contained in the petition. No power of attorney nor any similar statement has been filed with this Court. The current state of the record indicates that the Court has no jurisdiction over the petition filed in the name of Joel Engel. Without this jurisdiction, our decision will not bind Joel. Soren S. Hoj, 26 T.C. 1074 (1956). Docket No. 49756, therefore, must be dismissed for lack of jurisdiction. Decisions in Docket Nos. 49733 and 49909 will be entered under Rule 50. An order will be entered in Docket No. 49756 dismissing the proceeding for lack of jurisdiction. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Joel Engel, Docket No. 49756; Isaac Engel, Docket No. 49909.↩