SOREN S. HOJ AND CAROLINE HOJ, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48577. Filed September 20, 1956.

*H. Howard Jonesi, Esq.,* for the petitioners.
*Andrew Kopperud, Jr., Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies and additions to the tax as follows:

| Year | Income tax | Addition under sec. 294(d)(1)(A) | Addition under sec. 294(d)(2) | Addition under sec. 291 |
|---|---|---|---|---|
| 1949 | $1,043.82 | $132.00 | $79.20 | $330.01 |
| 1950 | 4,614.58 | 828.96 | 497.37 | |

The notice of deficiency was mailed on February 19, 1953, to "Mr. Soren S. Hoj and Mrs. Caroline Hoj, Husband and Wife, 224 South B Street, Monmouth, Illinois." A petition was filed on May 19, 1953. That petition was both signed and verified by Charles R. Carpenter, who described himself as "agent or attorney in fact" for the petitioners. An answer was filed. The parties were notified on July 6, 1954, that the proceeding would be heard on the merits in Chicago, Illinois, on October 4, 1954. H. Howard Jonesi entered his appearance for the petitioners on October 6, 1954, and when the case was called on the Chicago calendar it was submitted on a stipulation of facts. The Court discovered, when it took up the case for decision, that there was serious question of its jurisdiction to decide the case and also serious question as to whether the proceeding should not be dismissed for failure properly to prosecute.

An order to show cause was issued on July 26, 1956, in which the Court called attention to its Rule 7 requiring that a petition be signed either by the petitioner or by his counsel and also requiring a verification by the petitioner, except that where the petitioner is sojourning outside the United States or is a nonresident alien the petition may be verified by a duly appointed attorney in fact, who is required to attach to the petition a copy of the power of attorney under which he acts and is also required to state in his verification that he acts pursuant to such power, that such power has not been revoked, that petitioner is absent from the United States, and also stating the grounds of his knowledge of the facts alleged in the petition. The order to show cause also called attention to the fact that the petition in this case was not signed by either petitioner or by his counsel as required by Rule 7; it was signed by Charles R. Carpenter as "agent"; it was not verified by either petitioner but was verified by Charles R. Carpenter as "agent or attorney in fact"; it was not stated in the verification that the petitioners at the time of the verification were sojourning outside of the United States or were nonresident aliens; no copy of any power of attorney under which Carpenter purported to act was attached to the petition; there was no statement that Carpenter purported to act pursuant to such power or that such power had not been revoked; and there was no statement in the verification of the grounds of Carpenter's knowledge of the facts alleged in the petition. The order further stated that failure to comply with the rule is ground for dismissal of the proceeding. The show cause order then required the petitioners to file a proper amended petition, if the original petition had any authenticity, or show cause on or before September 5, 1956, why the proceeding should not be dismissed either for failure to properly prosecute or for lack of jurisdiction, as the case may be.

The only response to the show cause order was a so-called amended petition filed August 30, 1956, and signed and verified by Jonesi.

The verification in this "amended petition" is no improvement over the one in the original petition. It merely substitutes Jonesi for Carpenter. The Court is thus without knowledge as to whether Carpenter had any authority from the petitioners to file the original petition. If he had no proper authority from them, then the petitioners never filed a timely petition and the Tax Court would have no jurisdiction to bind the petitioners by any decision which it might enter on the merits, or otherwise. If the original petition was filed without authority of the taxpayers, then the "amended petition" filed August 30, 1956, could not give the Tax Court jurisdiction or cure any other defect in the proceeding.

The show cause order has given the petitioners ample opportunity to perfect the petition if they desired to perfect it and could perfect it. The pleadings as they now stand do not show that the Tax Court has jurisdiction to hear and decide this case in such a way as to bind either petitioner. They are in position to repudiate the whole proceeding as unauthorized by them. A decision will be entered dismissing the proceeding for lack of jurisdiction.