NORRIS E. AND PAULINE M. CARSTENSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3386–71S.    Filed January 31, 1972.

Norris E. Carstenson, pro se.
*Robert N. Ginsburg*, for the respondent.

#### OPINION

DRENNEN, *Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.

A statutory notice of deficiency was issued to petitioners on February 19, 1971, determining deficiencies in their income taxes for the year 1968 in the amount of $482.63.

Thereafter, on May 18, 1971, the Court received the following letter:

LEONARD P. WEG
*71 Salem Hill Road*
*Lakewood, New Jersey*

MAY 14, 1971

UNITED STATES TAX COURT
*Box 70*
*Washington, D.C. 20044*
Re: Mr. Norris E. Carstenson
Mrs. Pauline M. Carstenson
19 Livingston Drive
Lakewood, N.J. 08701

DEAR SIR:

My client and I do not agree with the determination of the Newark District Director. Therefore we are filing a petition with you under the simplified procedure available for handling disputes involving $1,000 or less.

The area of dispute is the transportation expense. Other than the fact that my client must have his personally owned vehicle at work every day, he would be able to commute to work by means of public transportation at much less expense to him. We contend that his travel expense is a necessary business expense, as certified to by his employer and therefore is a deductible expense.

Please notify me if any additional information may be required.

Very truly yours,

(Signed) LEONARD P. WEG

The Court treated the foregoing letter as an imperfect petition, and filed the same at docket No. 3386–71 on May 18, 1971. Thereafter, on June 4, 1971, the Court issued its order to show cause for failure to file proper petition and pay filing fee, returnable at the motions session on July 28, 1971, which return date was extended by order of July 28, to September 1, 1971. On August 12, 1971, petitioners filed a proper amended petition, signed by each petitioner, on the Court's form a–S, the printed petition form for Small Tax Cases under section 7463, I.R.C. 1954, and paid the filing fee. The Court thereupon discharged its show cause order, and directed that the docket number be amended to read "3386–71S" in conformity with the request made by petitioners in their amended petition that proceedings be conducted under section 7463 and Rule 36 of the Court's Rules of Practice. The respondent filed his answer to the amended petition on September 22, 1971; and the case was thereafter calendared for trial on the merits at Newark, N.J., on January 3, 1972. On November 1, 1971, the respondent filed a motion to dismiss for lack of jurisdiction on the ground that a proper petition was not timely filed *by the petitioners*, which motion was calendared for hearing at Newark on January 3, 1972. Commissioner Caldwell was assigned to hear any evidence on the motion either party wished to submit, to have a transcript of such evidence prepared and returned to the Chief Judge for ruling on the motion.

The case came on for hearing on the respondent's motion at Newark on January 3, 1972, at which time respondent appeared by his counsel and petitioner Norris Carstenson appeared pro se. Petitioner Norris Carstenson was duly sworn and testified in response to questions by the commissioner and by respondent's counsel. Upon consideration of the proceedings had at Newark on January 3, the Court finds the following facts. Leonard P. Weg, a neighbor of petitioners, is a public acountant, employed as controller of a corporation. He is not a certified public accountant nor an attorney at law; and he is not admitted to practice before this Court. Ever since they filed their Federal income tax return for 1965, petitioners have regularly gone to Weg for assistance in preparing their returns. When petitioners received the notice of deficiency for 1968, they took it to Weg for his recommendation as to what should be done. Weg offered to respond thereto for petitioners, and this he did by the letter dated May 14, 1971, set forth hereinabove. Petitioners authorized Weg to write that letter; were with him when he did so; and reviewed the same prior to Weg's mailing it. Weg also assisted petitioners in the preparation of their amended petition filed herein, as above stated, on August 12, 1971.

Respondent contends that this case must be dismissed for lack of jurisdiction, for the reason that the document filed as the petition was signed by a person who was neither the taxpayer's attorney nor the taxpayer; and that the "amended petition," which was signed by the taxpayer-petitioners, was not filed until 174 days after the mailing of the statutory notice of deficiency to petitioners—a date far beyond the statutory 90 days provided in section 6213(a) of the Code for the filing of a petition. Respondent points out that section 6213(a) provides that "the *taxpayer* may file a petition with the Tax Court" (emphasis supplied); and that Rule 4(f) of the Court's Rules of Practice requires that "The signature either of the petitioner or of his counsel, shall be subscribed in writing to the original of all pleadings, motions, and briefs."

In *Soren S. Hoj*, 26 T.C. 1074, a case likewise involving signature of a petition by a person who was neither the taxpayer nor the taxpayer's attorney, the petition had been signed and verified by one Charles R. Carpenter, as "agent or attorney in fact" for the petitioners. The case was duly calendared for trial; and when called for trial from the calendar, it was submitted on a full stipulation of facts for decision on the merits. H. Howard Jonesi, an attorney duly admitted to practice before this Court, entered his appearance as counsel of record for petitioners when the stipulation of facts was filed. When the Court thereafter took up the case for decision, it discovered "that there was serious question of its jurisdiction to decide the case and also serious question as to whether the proceeding should

not be dismissed for failure properly to prosecute." In that circumstance, it issued an order to show cause requiring petitioners "to file a proper amended petition, if the original petition had any authenticity, or show cause on or before September 5, 1956, why the proceeding should not be dismissed either for failure to properly prosecute or for lack of jurisdiction, as the case may be."

The Court went on to state and hold (26 T.C. at 1075–1076) :

The only response to the show cause order was a so-called amended petition filed August 30, 1956, and signed and verified by Jonesi. The verification in this "amended petition" is no improvement over the one in the original petition. It merely substitutes Jonesi for Carpenter. The Court is thus without knowledge as to whether Carpenter had any authority from the petitioners to file the original petition. If he had no proper authority from them, then the petitioners never filed a timely petition and the Tax Court would have no jurisdiction to bind the petitioners by any decision which it might enter on the merits, or otherwise. If the original petition was filed without authority of the taxpayers, then the "amended petition" filed August 30, 1956, could not give the Court jurisdiction or cure any other defect in the proceeding.

The show cause order has given the petitioners ample opportunity to perfect the petition if they desire to perfect it * * *. The pleadings as they now stand do not show that the Tax Court has jurisdiction to hear and decide this case in such a way as to bind either petitioner. They are in position to repudiate the whole proceeding as unauthorized by them. A decision will be entered dismissing the proceeding for lack of jurisdiction.

It seems clear that if the petitioners in the *Hoj* case had taken steps to ratify and confirm Carpenter's authority in filing the petition, the Court would have found jurisdiction. In the case at bar, the petitioners have taken those steps and have satisfied us that Weg's act in filing the original petition herein was with their knowledge, consent, and approval.

The situation presented by the case at bar is not unlike that occurring frequently where a statutory notice is issued to a husband and wife, and a petition is filed in both their names but is signed by one spouse alone (usually the husband), who is not an attorney or admitted to practice before our Court. The Government not infrequently moves to dismiss such cases as to the nonsigning spouse for lack of jurisdiction, on the ground that he (or she) did not sign the petition. Under such circumstances, the Board of Tax Appeals held in *Ethel Weisser*, 32 B.T.A. 755, that a proper amended petition subsequently filed by the wife, supported by her affidavit that the original petition filed in the name of the husband alone was intended to be a joint petition for both husband and wife, was timely because it related back to the original petition. The practice of this Court has been to deny such motions if the nonsigning spouse will file an amended petition, adopting the acts of the signing spouse in filing the petition purporting to act for both spouses. The signing spouse's position,

vis-a-vis the other spouse, at the time of filing the original petition, rises no higher than that of agent or attorney in fact for the non-signing spouse.

From a consideration of the record herein, we are satisfied that Weg was no mere volunteer, but rather an authorized agent of petitioners. Accordingly, cases holding that the Court does not have jurisdiction where a petition is filed by a volunteer are distinguishable.

We conclude that the petition filed by Weg on May 18, 1971, was a petition, though defective, filed in behalf of petitioners and that the amended petition filed by petitioners on August 12, 1971, related back to the original petition which was timely filed.

We want to emphasize that the action taken by the Court in this case is being taken because of the particular circumstances here involved. While the timely filing of a petition that does not conform to the rules of this Court may give this Court jurisdiction of the case, it remains entirely discretionary with the Court whether it will accept and file a nonconforming document as a petition, and whether it will dismiss the case for failure to comply with those rules. See Rules 4, 6, and 7, Tax Court Rules of Practice. The Court expects petitioners seeking relief in this Court to conform to the requirements of its rules.

*An appropriate order will be entered in accordance with this opinion.*