OTTO H. AND AGNES J. KRAASCH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8704–74.    Filed August 3, 1978.

*Richard Daly*, for the petitioners.
*Alan Summers*, for the respondent.

---

OPINION

Dawson, *Judge:* This matter is before the Court on petitioners' motion to modify the order of dismissal and decision in this case, pursuant to Rule 123(c), Tax Court Rules of Practice and Procedure. At issue is whether the Tax Court lacked jurisdiction because the petition was not personally signed by petitioners, who claim that their agent acted without their authority or approval.

The pertinent facts are summarized below.

Respondent sent a statutory notice of deficiency to petitioners on August 2, 1974, determining deficiencies in petitioners' Federal income taxes and additions to tax as follows:

| Year | Deficiency | Addition to tax sec. 6653(a)[1] |
| --- | --- | --- |
| 1971 | $1,482 | $74.10 |
| 1972 | 875 | 44.00 |

Petitioners Otto Kraasch and Agnes Kraasch, husband and wife, reside in Trinidad, Calif. They filed joint Federal income tax returns for the years in issue with the Internal Revenue Service Center at Fresno, Calif.

On November 4, 1974, a petition was filed with this Court bearing the purported signatures of both petitioners and seeking a redetermination of the deficiencies and additions to tax for the years 1971 and 1972. The notice of deficiency was attached to the petition.

On December 19, 1974, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. On December 24, 1974, the Court ordered petitioners to file a proper amended petition by January 24, 1975, or the case would be dismissed and a decision entered in favor of respondent. An amended petition was never filed. An order of dismissal and decision was then entered by the Court on February 6, 1975. Sometime in August 1975, respondent seized funds from petitioners' bank account.

On October 20, 1975, petitioners filed a motion to modify the order of dismissal and decision. The motion was prepared by their attorney, Richard Daly, and stated that the Court lacked

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.

jurisdiction because petitioners neither signed the petition nor authorized anyone else to file or sign it on their behalf. An exhibit was attached to the motion bearing the true signatures of both petitioners.

After a hearing on the matter at Los Angeles the Court ordered, on June 11, 1976, that all documents purportedly signed by petitioners be sent to the Federal Bureau of Investigation (FBI) Laboratory for a handwriting examination. As a result of the examination the FBI Laboratory determined that the signatures on the petition were not those of petitioners.

A second hearing on petitioners' motion was held at San Francisco, Calif., on June 8, 1978, at which time both petitioners testified. In addition, Richard Kerr, respondent's revenue agent, testified.

Upon consideration of the evidence submitted at the Los Angeles and San Francisco hearings, the Court determined the following facts. Mr. Ted Watkins of Carson City, Nev., served as petitioners' accountant and tax consultant. He handled all the tax matters of petitioners and advised them on business and tax questions. Petitioners first employed Mr. Watkins at least 10 years ago when he lived in California. Mr. Watkins is not an attorney and he is not admitted to practice before the Tax Court. He prepared petitioners' Federal income tax returns, pursuant to their direction and authorization, for the years 1970 through 1974, the last return being completed in 1975 shortly before respondent seized the funds in petitioners' bank account. He also served as resident agent from July 1, 1975, to July 1, 1976, for the Janna Corp., a company incorporated by petitioners in 1973 under Nevada law, and he prepared employer's returns for them when necessary.

Petitioners and Mr. Watkins were in regular contact by telephone. All tax correspondence received by petitioners from respondent or from the Court was opened, sometimes read, and then forwarded to Mr. Watkins.

When petitioners received a summons from respondent to appear for audit, they came with their records but refused to produce them for respondent's examination. They informed respondent's agent, Mr. Kerr, that upon advice of Mr. Watkins they would only produce their records in Court and at that time would also plead the Fourth and Fifth Amendments to the Constitution of the United States. Mr. Watkins prepared the

petition in this case in petitioners' names and sent to them copies of the petition and all other documents he filed with the Court.

Petitioners terminated Mr. Watkins' employment as their tax consultant when they employed Mr. Daly in August 1975 after respondent seized the funds in their bank account.

The petition in this case was filed and signed in the names of petitioners by Mr. Watkins. Petitioners claim they had not authorized or approved his acts and moved to modify the dismissal for lack of jurisdiction, pursuant to Rule 123(c), Tax Court Rules of Practice and Procedure.

Rule 123(c) provides: "For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default or dismissal or the decision rendered thereon." Rule 123(c) was adapted from rule 55(c) of Federal Rules of Civil Procedure which provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

When interpreting Fed. R. Civ. P. 60(b), the courts have stressed that (1) granting such a motion is within the sound discretion of the trial court and (2) proving the existence of fraud or other misconduct or other cause of relief is upon the moving party. *Atchison, Topeka & Santa Fe Railway Co. v. Barrett*, 246 F.2d 846 (9th Cir. 1957); *England v. Doyle*, 281 F.2d 304 (9th Cir. 1960); *Wilkin v. Sunbeam Corp.*, 466 F.2d 714 (10th Cir. 1972), cert. denied 409 U.S. 1126 (1973). In the *England* case the Court of Appeals held that the burden of proof on the moving party to set aside a judgment or order because of fraud upon the court is to establish such fraud by clear and convincing evidence. In *Toscano v. Commissioner*, 52 T.C. 295, 298 (1969), decision vacated on other grounds 441 F.2d 930 (9th Cir. 1971), the Tax Court stated:

> At the very least it must be established clearly and convincingly that the former decision was obtained as a *direct* result of fraud and it should also be shown that the fraudulent conduct was deliberately undertaken to influence the Court in its decision.

Petitioners contend that Mr. Watkins acted beyond the scope of his employment because they were to be first advised of any actions to be taken and because they did not authorize him to sign their names to any petition in this case. To the contrary,

respondent argues that petitioners have failed to offer the clear and convincing evidence necessary to warrant reopening the Court's decision entered in this case. Respondent also cites *Carstenson v. Commissioner,* 57 T.C. 542 (1972), and contends that "whether or not petitioners actually signed the petition is irrelevant since they impliedly authorized their tax accountant who prepared their returns to file the petition on their behalf."

After careful consideration of all the evidence, we think Mr. Watkins acted as the authorized agent of petitioners. In our opinion he acted within the scope of his employment when he signed the petition. His conduct was of the same general nature as, or incident to, that which he was employed to perform. Petitioners knew and permitted Mr. Watkins to handle their tax affairs generally. The record is replete with statements from both petitioners that when they received tax information they routinely forwarded it over a period of years to Mr. Watkins and relied upon him for advice. In essence, he was their general agent authorized to engage in a series of transactions involving a continuity of service. As a result we think they placed Mr. Watkins in a position that carries with it certain customary responsibilities related to the performance of a tax consultant.

Petitioners maintain that Mr. Watkins was only authorized to act after their approval and that he filed the petition in this case without their consent. This claim is not supported by the record and fails on two grounds. First, the petitioners, although not familiar with tax procedures, were aware of the status of their case at all times. They relied upon Mr. Watkins' advice and refused to consent to an audit. They informed the revenue agent that they were going to take their case to the Tax Court. They received copies of all documents filed by Mr. Watkins in this case and in other tax matters. They were in regular contact with him until August 1975. They were the ones who received all tax correspondence from respondent and the Court.[2] They knew that the letters received were official documents. That they might not have understood the contents or chose at times not to read

---

[2] Tax Court records show that the Court order of Dec. 24, 1974, was served on petitioners in Trinidad, Calif., by certified mail No. 155748. Also enclosed for petitioners at that time were respondent's Dec. 19, 1974, motion to dismiss and memorandum of authorities supporting the motion.

The Court order of Feb. 6, 1975, granting respondent's motion was served on petitioners in Trinidad, Calif., by certified mail No. 159254.

their mail before sending it to Mr. Watkins in no way absolves them of responsibility or knowledge in this matter.

Second, we find that even if this were a situation where Mr. Watkins acted upon their behalf without authority, petitioners are still bound by the Court order because they subsequently ratified his actions. Their conduct was consistent with approval or validation of Mr. Watkins' acts. They received correspondence from respondent or the Court at every juncture of the case and received copies of all documents prepared by Mr. Watkins. Furthermore, Mr. Kraasch testified that he often telephoned Mr. Watkins throughout his employment, a period of time that extended to August 1975. He further testified that he spoke to Mr. Watkins subsequent to the correspondence petitioners received in this case. Mrs. Kraasch testified that when her husband was away from home on business she often opened the mail, knew they were official documents, informed him of the mail's arrival and sometimes its contents. She would then forward the mail to Mr. Watkins. Thus, both petitioners had, or reasonably should have had, knowledge of the material facts of the case at all times.

Moreover, petitioners cannot disavow knowledge of this case or their tax consultant's actions even if they had not chosen to discuss their case with Mr. Watkins. Having received the documents and having subsequently spoken to Mr. Watkins on a regular basis, petitioners' silence would have effectuated a ratification. Ultimate responsibility for their personal tax matters rests with petitioners who had the duty and were in a position to disaffirm any unauthorized acts by Mr. Watkins long before filing their motion now before the Court.

Petitioners cite *Hoj v. Commissioner*, 26 T.C. 1074 (1956), and both parties refer to *Carstenson v. Commissioner, supra*. In the *Carstenson* case a defective petition was filed on behalf of the taxpayers by their agent. A proper amended petition was filed by the taxpayers after the requisite filing period. The Court held that the amended petition related back to the original petition and therefore was timely filed. This conclusion was reached because the taxpayers had regularly gone to their agent for assistance in preparing their return; they took the notice of deficiency to him for his recommendation; they authorized, reviewed, and were present when he prepared the letter which was treated as an imperfect petition; and they sought his advice

in the preparation of their amended petition. The Court deemed these facts as substantial steps ratifying and confirming their agent's authority and found that the original petition was filed with their knowledge, consent, and approval.

We are similarly convinced that petitioners in the instant case had or should have had sufficient knowledge of the status of their case and that they gave their consent and approval to their agent's acts. In any event, their actions, and in some instances their inaction, lead us to the conclusion that they ratified their agent's authority in filing the original petition.

In *Hoj*, the Court dismissed the proceeding for lack of jurisdiction because the show cause order issued by the Court gave the taxpayers ample opportunity to perfect the petition if they had wanted to perfect it. The Court also noted that the taxpayers were in a "position to repudiate the whole proceeding as authorized by them." 26 T.C. at 1976. We believe the petitioners in this case were similarly situated. They failed to take advantage of ample opportunities either to perfect their petition after the first Court order or to repudiate Mr. Watkins' actions upon receipt of the documents. Moreover, we agree with the comment in the *Carstenson* opinion that if the taxpayers in the *Hoj* case had taken steps to ratify and confirm their agent's authority in filing the petition—steps which were taken in this case—the Court would have found jurisdiction.

In summary, we hold that petitioners have failed to meet their burden of proving that their agent's acts were unauthorized. We also hold that, in any event, their subsequent conduct ratified their tax consultant's actions in filing the petition in this case. Consequently, the Court had jurisdiction and properly entered the order of dismissal and decision on February 6, 1975.

*An order will be entered denying petitioners' motion to modify the order of dismissal and decision.*