HAROLD A. ABELES AND BARBARA ABELES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Abeles v. Commissioner
Docket No. 1372-81.
United States Tax Court
T.C. Memo 1988-25; 1988 Tax Ct. Memo LEXIS 23; 54 T.C.M. (CCH) 1591; T.C.M. (RIA) 88025; January 21, 1988. William Weintraub, for the petitioner Barbara Abeles. Joyce L. Sugawara, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the 1976 taxable year in the amount of $ 31,893. On October 17, 1984, this Court dismissed this case for lack of prosecution and entered a deficiency against petitioners. This matter is before the Court on petitioner Barbara Abeles' motion to vacate and motion to dismiss for lack of jurisdiction. The issues are whether the Court had jurisdiction over petitioner Barbara Abeles *24 when it entered the October 17, 1984, decision and whether the Court should dismiss this case as to petitioner Barbara Abeles for lack of jurisdiction. Harold A. Abeles ("Mr. Abeles") and Barbara Abeles ("Mrs. Abeles") have resided in California at all relevant times. Mr. and Mrs. Abeles were married in 1972, separated in 1982, and divorced sometime thereafter. On October 15, 1980, a notice of deficiency for the 1976 taxable year was sent to Mr. and Mrs. Abeles. An imperfect petition was filed on January 16, 1981, and on the Court's own volition, an order to dismiss the case if an amended petition was not filed was entered on January 28, 1981. On June 8, 1981, an amended petition captioned in Mr. and Mrs. Abeles' names, but signed only in Mr. Abeles' name, was filed. This case was called from the calendar on September 17, 1984. There was no appearance by or on behalf of Mr. or Mrs. Abeles. Respondent indicated that a settlement had been reached with Mr. Abeles but that Mr. Abeles was unavailable and decision documents had not been signed. Respondent moved for a dismissal for lack of prosecution and entry of a reduced deficiency in the amount reflect by the settlement. *25 On October 17, 1984, the Court dismissed the case for lack of prosecution and entered a decision against Mr. and Mrs. Abeles in the reduced amount of $ 19,790. According to the written declaration of Mrs. Abeles, she was unaware that a tax dispute existed with respect to her and Mr. Abeles' 1976 taxable year, that a notice of deficiency had been mailed, that a petition captioned in her name had been filed in this Court, or that a decision had been entered against her. She did not become aware of these events until after the Internal Revenue Service ("IRS") levied her bank account. After Mrs. Abeles became aware of these events, she filed a motion to vacate the Court's October 17, 1984, decision and a motion to dismiss for lack of jurisdiction. [1]
We will first consider Mrs. Abeles' motion to vacate. *26 A decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days after it is entered. Sec. 7481; [2] sec. 7483. This Court has jurisdiction to vacate a decision that has become final where, inter alia, the Court lacked jurisdiction when the decision was entered. Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1002 (1978). The burden of proof is on the party filing the motion to vacate. See Brannon's of Shawnee, Inc. v. Commissioner, supra at 1002. See also Kraasch v. Commissioner,70 T.C. 623, 629 (1978). Mrs. Abeles argues that since she did not petition the Court, the Court, as of the October 17, 1984, decision, lacked jurisdiction over her. Respondent argues that Mrs. Abeles impliedly authorized Mr. Abeles to file a petition on her behalf, that Mr. Abeles did file a petition on her behalf, and, accordingly, that the Court, as of the October 17, 1984, decision *27 did have jurisdiction over her. For the reasons stated below, we agree with Mrs. Abeles. Where a taxpayer has improperly invoked the jurisdiction of this Court, ratification has consistently been required for such taxpayer to become a party. See Hazim v. Commissioner,82 T.C. 471 (1984) (case was dismissed because taxpayer failed to timely ratify the filing of a petition by an attorney not a member of the bar of this Court); Carstenson v. Commissioner,57 T.C. 542 (1972) (respondent's motion to dismiss for lack of jurisdiction denied because taxpayer ratified the filing of the imperfect petition, which petition was filed by the taxpayer's accountant); and Hoj v. Commissioner,26 T.C. 1074 (1956) (respondent's motion to dismiss for lack of jurisdiction granted because taxpayer failed to properly ratify filing for imperfect petition, which petition was filed by an "agent or attorney in fact"). In Kraasch v. Commissioner,70 T.C. 623 (1978), a case instituted by the filing of a petition signed in the names of the taxpayers by the taxpayers' accountant was dismissed for failure to state a claim upon which relief *28 could be granted. Respondent assessed the deficiency and seized funds from the taxpayers' bank account. The taxpayers, alleging that the Court never acquired jurisdiction over them, filed a motion to modify the order of dismissal and decision. The Court held that it acquied jurisdiction over the taxpayers under two theories: first, the taxpayers authorized their accountant to file the petition and, second, even if the taxpayers had not authorized the filing of the petition, they subsequently ratified the filing of the petition. Kraasch v. Commissioner, supra at 627-628. The taxpayers ratified the filing of the petition by receiving copies from their accountant of all documents filed with the Court, by receiving all correspondence from respondent and the Court, and by taking no action to disavow their accountant's filing of the petition. Kraasch v. Commissioner, supra at 627-628. In Brooks v. Commissioner,63 T.C. 709 (1975), the taxpayers, husband wife, filed a joint Federal income tax return and received a joint statutory notice of deficiency. A document captioned in the names of the husband and wife, but signed only by the *29 husband, was received and filed by the Court as a timely petition. Respondent filed a motion to dismiss as to the wife alleging that since a petition was not filed by the wife or by a person duly authorized to file a petition on her behalf, this Court lacked jurisdiction over her. The Court considered Rule 34(a), [3] Rule 34(b)(7), [4] Rule 41(a), [5] Rule 60(a)(1), [6] the notes to such rules, and several relevant court opinions in holding that where the nonsigning spouse intended that the signing spouse act on behalf of and with the approval of the nonsigning spouse in petitioning this Court, upon ratification, the nonsigning spouse will become a party. Brooks v. Commissioner, supra at 716. The Court gleaned sufficient intention and ratification from the facts presented and denied respondent's motion to dismiss. *30 In Holt v. Commissioner,67 T.C. 829 (1977), the Court was faced with facts similar to those presented in Brooks. The major factual difference between Holt and Brooks is that in Holt the document filed as the petition, a letter, was not captioned in the names of the husband and wife. In Holt it was held that where a joint notice of deficiency is issued and only one spouse signs the imperfect petition, there is a presumption that the nonsigning spouse intended the signing spouse to act on behalf of the nonsigning spouse. Holt v. Commissioner, supra at 832. Holt required, as did Brooks, ratification in addition to intention for the nonsigning spouse to become a party. Ratification is not only clearly required by opinions of this Court; it is also clearly required by the Rules of this Court. Rule 60(a)(1) states in relevant part: A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the *31 case had been properly brought by such party. * * * [Emphasis added.]
In the absence of timely ratification, the case will be dismissed. Hazim v. Commissioner, supra at 472. The preferred type of ratification contemplated by Rule 60(a)(1) is a properly executed amended petition. Here, Mrs. Abeles did not execute an amended petition. [7] We must consider whether Mrs. Abeles' actions or inactions otherwise constituted ratification of the filing of the petition and amended petition by Mr. Abeles. None of the elements which constituted ratification in Kraasch v. Commissioner, supra, are here present. Mrs. Abeles did not receive copies of the documents filed by Mr. Abeles. Mrs. Abeles did not receive any correspondence from respondent or Mrs. Abeles did not receive any correspondence from respondent or this Court. Mrs. Abeles had no knowledge of the tax dispute or this case and, accordingly, her inaction in taking steps to disavow the *32 filing of the petition and amended petition cannot be interpreted as a ratification. We hold that Mrs. Abeles did not ratify Mr. Abeles' action in filing the petition and amended petition and this Court did not have jurisdiction over Mrs. Abeles when it entered the October 17, 1984, decision. "[A] judgment entered without jurisdiction is void and 'is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.'" Brannon's of Shawnee, Inc. v. Commissioner69 T.C. 999, 1001 (1978), citing Jordon v. Gilligan,500 F.2d 701, 704 (6th Cir. 1974). Since the Court lacked jurisdiction over Mrs. Abeles when it entered the October 17, 1984, decision, the decision insofar as it relates to Mrs. Abeles is a legal nullity. Accordingly, the Court will vacate the October 17, 1984, decision insofar as it relates to Mrs. Abeles.[8]
*33 We will now consider Mrs. Abeles' motion to dismiss for lack of jurisdiction. Mrs. Abeles contends in such motion that the Court lacks jurisdiction over her because she never petitioned this Court. We have already held that this Court lacked jurisdiction over Mrs. Abeles as of the October 17, 1984, decision. To the extent that we have since gained jurisdiction over Mrs. Abeles, it has been for the limited purpose of vacating a decision entered against her when we did not have jurisdiction over her. We agree that since Mrs. Abeles has not petitioned the Court in this case, we do not have general jurisdiction over her in this case. We hold that Mrs. Abeles is not a party to this case and, on this basis, we will grant Mrs. Abeles' motion to dismiss for lack of jurisdiction. The caption of this case will be changed to remove Mrs. Abeles' name. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. In addition to the filing of the motions in this case, Mrs. Abeles filed a petition instituting a new case at docket No. 37192-86 and filed a motion to vacate and motion to dismiss for lack of jurisdiction in docket No. 4433-83, a case involving similar issues for Mr. and Mrs. Abeles' 1975 and 1977 taxable years. See Abeles v. Commissioner,↩ 90 T.C.    (filed today). 2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Rule 34(a) sets forth the basic requirements of a petition. ↩
4. Rule 34(b)(7) requires that the petition be signed by each petitioning taxpayer or by counsel for each petitioning taxpayer. ↩
5. Rule 41(a) prohibits amendment to pleadings, including petitions, after the expiration of time for filing the petition where such amendment would confer jurisdiction on the Court over a matter which otherwise would not come within the Court's jurisdiction under the petition as on file as of the close of the time for filing the petition. ↩
6. Rule 60(a)(1) states in relevant part: A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. Where the deficiency or liability is determined against more than one person in the notice by the Commissioner, only such of those persons who duly act to bring a case shall be deemed a party or parties. ↩
7. Based on Mrs. Abeles' written statement that she was unaware of the tax dispute until her bank account was seized, we hold that Mrs. Abeles did not sign the letter filed as the original petition. ↩
8. Respondent points to Mrs. Abeles' relinquishment of all authority to Mr. Abeles with respect to Mr. and Mrs. Abeles' financial and tax matters as an indication that Mrs. Abeles impliedly authorized the filing of the petition and amended petition. Even if such implied authorization existed, actions of Mr. Abeles, who, though a lawyer with tax training, is not a member of the bar of this Court, are, in the absence of ratification, insufficient to confer jurisdiction over Mrs. Abeles. ↩