SENTE INVESTMENT CLUB PARTNERSHIP OF UTAH, ZELL MILLS, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sente Inv. Club Partnership v. Commissioner
Docket No. 21056-87
United States Tax Court
T.C. Memo 1988-376; 1988 Tax Ct. Memo LEXIS 406; 55 T.C.M. (CCH) 1565; T.C.M. (RIA) 88376; August 15, 1988
*406 R issued Notices of Final Partnership Administrative Adjustment to Otis L. Vienna (V), whom R believed was the tax matters partner of Sente Investment Club Partnership (Sente) by reason of his holding the largest profits interest in the partnership. Section 6231(a)(7)(B). V forwarded the notices to Zell Mills (M) whom V considered to be the tax matters partner. M had no profits interest in the partnership, but acted as "managing partner." M filed a petition within 900 days after issuance of the notices. R moved to dismiss on the ground that the petition was not filed by a proper party as M was not the tax matters partner. Held, V, not M, is the tax matters partner and thus is the proper party to file a petition. Held further, since M was authorized by V to file the petition, the Court will treat the petition as an imperfect petition and grant leave to V to file a proper amended petition. Peter H. Waldo, for the petitioner. William A. Heard, III, and Pamela Gibson, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. [1] By notices of final partnership administrative adjustment, dated March 30, 1987, respondent determined adjustments to *407 the partnership return of Sente Investment Club Partnership of Utah (hereinafter "Sente") for the taxable years 1983 and 1984. A petition was filed on June 30, 1987, which date is 89 days after issuance of the notices. [2] The petition was signed by Zell Mills (hereinafter Mills) as "Managing/Tax Matters Partner." Respondent has moved to dismiss on the basis that Mills is not the tax matters partner, and thus not the proper party to file a petition. The issue for decision is whether Mills is a proper party to bring this action on behalf of Sente; and, if not, then whether he had authority to file a petition on behalf of a proper party. FINDINGS OF FACT During the taxable years 1983 and 1984, Sente was a general partnership organized under *408 the laws of the State of Utah. Mills was designated as the "managing partner" in the Sente partnership agreement, dated August 22, 1983. In his capacity as "managing partner," Mills kept all books and records of the partnership. He signed and filed partnership returns on behalf of Sente for 1983 and 1984. He also sent Forms K-1 (Partner's Share of Income, Credits, Deductions, etc.) to the Sente partners for each year. No K-1s were attached to the 1983 and 1984 returns. However, during the examination of Sente's 1983 and 1984 returns, K-1s for these years were submitted to respondent. Mills had the authority to sign checks and made many of the partnership investment decisions. Further, the Sente partners relied on Mills to manage the partnership and keep them informed of partnership affairs. Mills did not at any time during 1983 and 1984 own a capital or profits interest in Sente, and he was never shown as a partner on a Sente Form K-1. Rather, he received a salary from the partnership to compensate him for the performance of management services. On July 9, 1985, respondent sent a letter to Mills advising him that respondent was commencing an examination of Sente's 1983 *409 and 1984 returns. This letter was addressed to Mills at 2710 Willow Bend Dr., Sandy, Utah 84092, the address shown on Sente's 1983 and 1984 returns. The letter stated in pertinent part as follows: Dear Taxpayer: We are beginning an examination of the partnership named above. This letter is the Notice of the Beginning of an Administrative Proceeding at the partnership level with respect to partnership items. If you are the tax matters partner, you are required to furnish to the Internal Revenue Service at the above address the name, address, profit interest, and taxpayer identifying number of each person who was a partner in this partnership at any time during the tax year under examination. If you later discover that the information given to the Service was incorrect or incomplete, you must furnish revised or additional information.
Pursuant to this notice, Mills provided respondent with the names, addresses, profits interests and taxpayer identification numbers of Sente partners. He also notified all partners of the audit as required by section 6223. On March 30, 1987, the notices of final partnership administrative adjustments were sent to "Otis L. Vienna (hereinafter *410 "Vienna"), Tax Matters Partner, 2904 West Northern Lights, Anchorage, Alaska 99503." At the time the notices were issued, Vienna was the general partner owning the largest profits interest in Sente. Vienna forwarded the notices to Mills, whom Vienna considered to be the Tax Matters Partner. OPINION Respondent argues that this case must be dismissed because only the tax matters partner may file a petition during the first 90 days after a notice of final partnership administrative adjustment is issued, and Mills is not the tax matters partner. In this regard, respondent argues that (1) Mills is not a partner within the meaning of section 6231(a)(2); (2) even if he were a partner, he was never designated as tax matters partner as required under section 6231(a)(7)(A); and (3) he is not tax matters partner by application of section 6231(a)(7)(B) since he was not a partner having the largest profits interest at the close of the taxable years in question. Mills argues that he was properly designated as tax matters partner. Mills further argues that, with the exception of the mailing of the notices of final partnership administrative adjustment, respondent has always treated him as *411 the tax matters partner. Section 6226(a) provides that within 90 days after respondent mails a notice of final partnership administrative adjustment to a partnership, "the tax matters partner may file a petition for readjustment * * *." "Tax Matters Partner" is defined in section 6231(a)(7) as: (A) the general partner designated as the tax matters partner as provided in regulations, or (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved * * *. If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.
Section 6231(a)(2) defines "partner" (for the purposes of sections 6221-6233) as: (A) a partner in the partnership, and (B) any other person whose income tax liability under subtitle A is determined *412 in whole or in part by taking into account directly or indirectly partnership items of the partnership. Section 301.6231(a)(7)-IT, Temporary Proced. and Admin. Regs., 52 Fed. Reg. 6793 (March 5, 1987), provides the methods by which a partnership may designate its tax matters partner. The partnership may make a designation on the partnership return on the space for such designation, or if there is no such space on the return, then by attaching to the return a statement which: 1) identifies the partnership and the tax matters partner by name, address and taxpayer identification number; 2) declares that the statement is a tax matters partner designation for a particular taxable year; and 3) is signed by the partner signing the return. A designation can also be made after the return is filed by the majority interest general partners filing a statement with respondent designating a partner as tax matters partner. Section 301.6231(a)(7)-1T(e), Temporary Proced. and Admin. Regs. When no formal designation is made, the tax matters partner "shall be" the general partner having the *413 largest profits interest. Section 6231(a)(7)(B). Mills not being a partner was not and could not be designated as the tax matters partner. Rather, the record reflects that the partners chose Mills to perform the duties of managing the partnership for a salary. Respondent was clearly authorized to apply section 6231(a)(7)(B) and issue the notices of final partnership administrative adjustment to the general partner holding the largest profits interest. Here respondent issued the notice of final partnership administrative adjustment to Vienna, the general partner who has the largest profits interest, and who is thus the tax matters partner under section 6231(a)(7)(B). Under section 6226(a), only the tax matters partner may petition for readjustment of the partnership items within the first 90 days after a notice of final partnership administrative adjustment is issued. Accordingly, Vienna was the only general partner authorized by statute to file a petition within 90 days of the mailing of the notices. Thus, the petition filed by Mills within the 90-day period is defective because it was *414 not signed by the tax matters partner or counsel on behalf of such person. The question remains as to whether the defective petition is fatal to Sente's case. At issue is whether Vienna authorized Mills to file the petition. We have not previously addressed this issue in the context of a notice of final partnership administrative adjustment. However, we look for guidance to our opinions which considered circumstances in which a petition was filed by a person other than one authorized by section 6213(a) and Rule 23(a)(3). In Carstenson v. Commissioner,57 T.C. 542 (1972), the taxpayer's accountant, who was not admitted to practice before this Court, mailed a letter to the Court in response to a notice of deficiency, stating that the taxpayers wished to contest the deficiency. We ordered the letter filed as an imperfect petition. After the 90-day period for filing a timely petition had passed, the taxpayers filed a proper petition signed by each taxpayer. Respondent moved to dismiss the case for lack of jurisdiction on the basis that the original petition was not filed by a proper party and the amended petition was not filed within 90 days after the issuance *415 of the notice of deficiency. We denied respondent's motion, finding that the taxpayers authorized their accountant to write the letter (which was filed as a petition), were with him when he did so, and reviewed the letter prior to his mailing it. Thus, we allowed the amendment even after the expiration of the 90-day period. See also Brooks v. Commissioner,63 T.C. 709 (1975). In the present case, Vienna received the notices of final partnership administrative adjustment and forwarded them to Mills for purposes of filing a petition. Further, in response to respondent's Motion to Dismiss, Vienna submitted a affidavit in which he affirmed his authorization for Mills to act in his behalf. We are satisfied under the particular circumstances of this record that the petition filed on June 30, 1987, though imperfect, was filed on behalf of Vienna, the tax matters partner of Sente. However, it still remains that Vienna has not filed a petition which conforms to our rules in that the petition was filed by a person who is not admitted to practice before this Court. Accordingly, *416 in our order we will grant leave to allow Vienna an opportunity to file a proper amended petition. An appropriate order will be issued.
Footnotes
1. This case was heard pursuant to section 7443A of the Internal Revenue Code of 1986↩ and Rule 180. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. At the time the petition was filed herein, Sente Investment Club Partnership of Utah had its principal place of business at Salt Lake City, Utah. ↩