ROGER AND NAN GORHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gorham v. Commissioner
Docket No. 23719-90
United States Tax Court
T.C. Memo 1993-67; 1993 Tax Ct. Memo LEXIS 75; 65 T.C.M. (CCH) 1975; March 1, 1993, Filed *75 Roger Gorham, pro se. For respondent: Christina D. Lickteig. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: This case is before the Court on petitioners' motion for leave to amend the petition. Respondent filed a notice of objection to the granting of such motion. A hearing was held on petitioners' motion. Respondent mailed separate notices of deficiency, dated July 20, 1990, to petitioners Roger Gorham and Nan Gorham, individually, for taxable years 1983 through 1985. Respondent also mailed separate notices of deficiency, dated July 20, 1990, to petitioners Roger Gorham and Nan Gorham, individually, for taxable years 1986 through 1988. A document signed by Roger Gorham and Nan Gorham was received by the Court on October 19, 1990, and was treated and filed by the Court as a petition. Such petition (original petition) stated in pertinent part: PETITION TO CONTEST ALLEDGED [sic] DEFICIENCY
We, Roger Gorham and Nan Gorham, husband and wife, do hereby petition the United States Tax Court for a redetermination of tax per the attached Forms 5601 (rev. 4-85).
The "Forms 5601 (rev. 4-85)" specifically referred to in and attached to the original petition were copies *76 of the separate notices of deficiency sent to petitioners Roger Gorham and Nan Gorham, individually, for taxable years 1983 through 1985 and 1986 through 1988. Part of the original petition also consisted of a letter from Roger Gorham and Nan Gorham, which was addressed to this Court and which, in pertinent part, alleged error as to certain income attributed to them for taxable years 1986 and 1987. The original petition did not comply with our Rules [1] as to the form and content of a proper petition, and the filing fee required by our Rules was not paid at the time the original petition was filed. Consequently, the Court ordered petitioners to file a proper amended petition on the form petition which is normally intended for use only in those cases involving less than $ 10,000, a copy of which was sent to petitioners by the Clerk of the Court. The Court further ordered petitioners to pay the prescribed filing fee. On February 15, *77 1991, petitioners filed an amended petition on the form provided by the Clerk of the Court. Such amended petition referred to only taxable years 1983 through 1985 and the deficiencies and additions to tax determined against Roger Gorham for those years. On April 17, 1991, respondent filed with the Court an answer to the amended petition, in which respondent alleged, inter alia, that the notices of deficiency for taxable years 1983 through 1985 are the basis for the dispute in this case and that the deficiencies and additions to tax determined against Roger Gorham that were indicated in the amended petition for taxable years 1983 through 1985 were not all of the amounts shown in the notices of deficiency sent to Roger Gorham and Nan Gorham for such years. On October 6, 1992, petitioners filed a motion for leave to amend the petition, which the Court treats as a motion to amend the original petition so as to comply with our Rules as to the form and content of a proper petition with respect to not only taxable years 1983 through 1985 which were referred to in the amended petition filed on February 15, 1991, but also taxable years 1986 through 1988 which were not referred to in *78 such amended petition. Petitioners lodged a second amended petition with the Court in which they asserted their disagreement with the deficiencies and additions to tax determined by respondent against them for taxable years 1983 through 1988. On October 27, 1992, respondent filed a notice of objection to petitioners' motion to amend the petition. Respondent contends in such notice that the Court does not have jurisdiction over taxable years 1986 through 1988 and that petitioners' motion should therefore be denied. A petition to this Court may be filed within 90 days after a notice of deficiency is mailed to a taxpayer in the United States. Sec. 6213(a), I.R.C. If a petition for taxable years 1986 through 1988 was not timely filed within such 90-day period, we are without jurisdiction over the deficiencies and additions to tax determined in the notices of deficiency issued to petitioners, individually, for such years. O'Neil v. Commissioner, 66 T.C. 105 (1976); C. Frederick Brave, Inc. v. Commissioner, 65 T.C. 1001 (1976); Sylvan v. Commissioner, 65 T.C. 548 (1975). In this event, we *79 must deny petitioners' motion for leave to amend the petition. It is the policy of this Court to be liberal in treating as petitions all documents intended as petitions filed by taxpayers within the statutory 90-day period. See, e.g., O'Neil v. Commissioner, supra at 107; Castaldo v. Commissioner, 63 T.C. 285, 287 (1974); Joannou v. Commissioner, 33 T.C. 868, 869 (1960). If such documents do not comply with the form and content requirements for petitions as set forth in our Rules, we are liberal in allowing the taxpayer to file an amended petition to correct the technical defects. See, e.g., Fletcher Plastics, Inc. v. Commissioner, 64 T.C. 35 (1975); Brooks v. Commissioner, 63 T.C. 709 (1975); Carstenson v. Commissioner, 57 T.C. 542 (1972). A party may file an amended petition prior to the filing of a responsive pleading or at any time by leave of the Court. Rule 41(a). However, if the time for filing a petition has expired and the amended petition attempts to confer jurisdiction on the *80 Court that has not been conferred by a timely filed petition, the Court lacks jurisdiction over the issue raised in the amendment. Id. Thus, a taxpayer may not, after the time for filing a petition has expired, place in issue in an amended petition a taxable year or a tax liability of a different taxpayer, which was not included in a timely filed petition. See O'Neil v. Commissioner, supra.
Petitioners contend that the original petition conferred jurisdiction on this Court over petitioners' tax liabilities for taxable years 1983 through 1988. They argue that all such years were placed in issue in the original petition, with the result that the second amended petition lodged with the Court does not seek to confer additional jurisdiction upon this Court over taxable years 1986 through 1988. Respondent contends that the Court does not have jurisdiction over taxable years 1986 through 1988 because there were no allegations of error set forth in the original petition or in the amended petition that place in dispute the deficiencies for such taxable years. We note initially that, contrary to the suggestion of respondent, the amended petition filed *81 on February 15, 1991, could not in any event confer jurisdiction on the Court over taxable years 1986 through 1988. This is because the amended petition was filed more than 90 days after respondent mailed notices of deficiency to petitioners. Indeed, the Court has jurisdiction over taxable years 1983 through 1985, which respondent does not dispute, because the original petition conferred jurisdiction over such years, and not because the amended petition conferred jurisdiction over such years. The question we have to decide here is whether the original petition also conferred jurisdiction over taxable years 1986 through 1988. For a petition to cover a particular year, it must contain some objective indication that petitioner contests the deficiency determined by the Commissioner for that year. O'Neil v. Commissioner, supra at 107. The original, albeit imperfect, petition filed with the Court was headed "Petition to Contest Alledged [sic] Deficiency" and stated in pertinent part: We, Roger Gorham and Nan Gorham, husband and wife, do hereby petition the United States Tax Court for a redetermination of tax per the attached Forms 5601 (rev. 4-85).
*82 We find the above-quoted heading and statement in the original petition to be an objective indication that petitioners are contesting the determinations for all of the taxable years for which respondent issued the notices of deficiency which petitioners specifically referred to in and attached to their original petition, i.e., taxable years 1983 through 1988. [2] The original petition, therefore, conferred jurisdiction on this Court over all such years. The instant case is distinguishable from the cases relied on by respondent. In none of those cases did we find some objective indication in the timely filed petition itself that the taxpayer was disputing the tax deficiency *83 of a taxpayer or the tax deficiency for a taxable year over which the Commissioner contended the Court lacked jurisdiction. For example, in Hill v. Commissioner, T.C. Memo. 1988-198, which respondent apparently considers to be on point here, the petition itself alleged error only as to taxable years 1981 through 1983 and failed to make any reference to taxable year 1984. However, the taxpayer attached the notice of deficiency for 1984 as well as the notice for 1981 through 1983 to his petition. He then argued that his intent to include taxable year 1984 in the petition was evidenced by the fact that the notice of deficiency for 1984 was attached to the petition. We held that the attachment to the petition of the notice of deficiency for a particular taxable year cannot, standing alone, confer jurisdiction over a year where no reference is made to the notice of deficiency for that year in the petition and no allegation of error is set out in the petition with respect to that year. In the present case, petitioners did more than merely attach to the original petition the notices of deficiency for taxable years 1986 through 1988 as an indication *84 that they are contesting the tax liabilities for such years. They also clearly indicated in the original petition that they were petitioning this Court for a redetermination of the tax liabilities for all of the taxable years covered by the notices of deficiency which were specifically referred to in and attached to such petition, i.e., taxable years 1983 through 1988. Thus, we are not holding here that the attachment to the original petition of the notices of deficiency for taxable years 1986 through 1988, standing alone, conferred jurisdiction over such years. We are holding that there was an objective indication in the original petition itself that petitioners are contesting taxable years 1986 through 1988 as well as taxable years 1983 through 1985. Consequently, this Court has jurisdiction over not only 1983 through 1985, but also 1986 through 1988. Accordingly, petitioners' motion to amend the petition will be allowed. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. A further indication in the original petition that petitioners are contesting 1986 and 1987 is found in the letter filed with the Court which was part of the original petition and which stated, in pertinent part, that petitioners disagree with the determinations of certain additional income that respondent made for taxable years 1986 and 1987.↩