T.C. Memo. 2000-9

UNITED STATES TAX COURT

RANGHILD ELTON, KENNETH SIEBERT, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15455-98.                    Filed January 10, 2000.

        P executed a trust agreement in 1997 naming T as
her trustee and giving T authority to control her
assets and bank accounts and act in her stead for all
purposes.  R determined deficiencies in P's Federal
income tax for the year 1996.  Pursuant to the trust
agreement, T filed a petition reflecting T, as trustee
for P, as petitioner.  After the petition was filed,
the trust was voided ab initio.  P contends that she
should be substituted as the proper party petitioner.
T contends that he is the proper party petitioner and
argues that, as the fiduciary who instituted the
proceeding, he is legally obligated and empowered to
continue even if the trust under which he derived
authority has been voided.
        <u>Held</u>:  P is the proper party petitioner. <u>Held</u>,
<u>further</u>, T is no longer authorized to prosecute this action,
and P should be substituted as the party petitioner.

Kenneth Siebert, pro se.

Mark S. Mesler, for respondent.


MEMORANDUM OPINION

GERBER, Judge: Respondent, in a notice of deficiency addressed to Ranghild Elton (Ms. Elton), determined a deficiency in her 1996 Federal income tax and an accuracy-related penalty. Pursuant to a trust agreement executed by Ranghild Elton, Kenneth Siebert was empowered to, among other things, "file petitions to the U.S. Tax Court". After the petition was filed, the trust was voided ab initio. Ms. Elton seeks to replace Kenneth Siebert and to have herself substituted as petitioner, individually. Respondent seeks to have Mr. Siebert dismissed from the case for lack of this Court's jurisdiction over him. The question we consider is: Who is the proper party petitioner in this proceeding, the trustee or the settlor of the voided trust?

Background

Ms. Elton, on December 5, 1997, executed a trust agreement naming Mr. Siebert as her trustee "to hold in trust, protect, defend, and administer all * * * [her] financial and personal affairs". The terms of the trust provide Mr. Siebert with extensive authority to act on behalf of Ms. Elton, including controlling her assets, bank accounts, etc., and acting in her stead for all purposes, including among other significant powers

the authority to file suit, prepare and sign Federal income tax returns, purchase and receive property, vote stock, make gifts, etc., and generally to bind Ms. Elton with respect to all such matters. The trust agreement empowered Mr. Siebert to act for and bind Ms. Elton and made Mr. Siebert attorney in fact over all of Ms. Elton's property and rights to property received into the trust.

Ms. Elton alleges that Mr. Siebert and another person convinced her to place a substantial portion of her assets in a "federal" trust. In addition, she states that assurances were made that she would not be required to report income attributable to the trust assets, which, under the trust agreement, would no longer belong to her. Ms. Elton further alleges that, as a legal matter, the trust agreement is a power of attorney. Subsequently, Ms. Elton came to believe that the arrangement with Mr. Siebert as trustee was an illegal scheme, and she brought suit in Texas to have the trust declared void. Final judgment was entered by a State court of Texas during September 1999, rendering the trust void ab initio. The final judgment was entered in accord with a compromise settlement agreement and mutual release (settlement) executed by Ms. Elton, Mr. Siebert, and a third person.

Among other terms, the parties to the settlement agreed to a mutual rescission of the trust. In addition, Ms. Elton agreed to

be liable for "any Income Taxes or penalties or interest on such taxes, which may exist by virtue of the Incident, or by virtue of the recission and the voiding of the * * * [trust agreement] ab initio".  The final judgment, entered during September 1999, required Mr. Siebert to deliver to Steve Robertson all documents bearing Ms. Elton's signature and relating to Ms. Elton's ownership of assets or accounts that had been subject to the trust.

Ms. Elton and respondent have reached agreement with respect to Ms. Elton's 1996 Federal income tax liability.  Ms. Elton seeks to be recognized as petitioner in lieu of Mr. Siebert and to have her attorney, Steve Robertson, enter his appearance to represent her interests.  In conjunction with Ms. Elton's actions, respondent has moved to dismiss this case for lack of jurisdiction as to Mr. Siebert and to change the caption to reflect Ranghild Elton as petitioner in her own right.

The trustee, Mr. Siebert, opposes his dismissal or replacement as the party petitioner, contending that only he may act as petitioner, in spite of the fact that the trust, of which he was trustee when he filed the petition, has been voided ab initio.  Ms. Elton, through her attorney, Mr. Robertson, has executed an agreed decision and wishes to have the Court change the caption so that the decision can be entered.  We also note that Ms. Elton states that she has prepaid the agreed amount of

liability to respondent as to the 1996 tax year.  Mr. Siebert contends, however, that he is the proper party petitioner, no tax is owed, and that the merits of the case should be pursued by means of a trial.  With that backdrop, we must decide whether Mr. Siebert should remain the party petitioner and, if not, whether Ms. Elton should be substituted for Mr. Siebert and whether Mr. Robertson should be permitted to enter his appearance on behalf of Ms. Elton.

Discussion

No question has been raised as to whether the petition filed by Mr. Siebert, as trustee, in response to the notice of deficiency sent to Ms. Elton, was timely or valid, or whether Mr. Siebert was authorized to file the petition, either individually or on Ms. Elton's behalf.  The controversy is focused on who is the proper party to prosecute this matter following the voiding of the trust.[1]  Mr. Siebert argues that he is the proper taxpayer and petitioner, while Ms. Elton apparently contends that Mr. Siebert has simply been the fiduciary.  The question we must answer, however, is the same; i.e., whether Mr. Siebert has capacity to prosecute this proceeding either as the taxpayer or as a fiduciary.

---

[1] Even if Mr. Siebert had not been authorized to file the petition, there is a limited line of cases where ratification of imperfect petitions has been permitted.  See Holt v. Commissioner, 67 T.C. 829 (1977); Brooks v. Commissioner, 63 T.C. 709 (1975); Carstenson v. Commissioner, 57 T.C. 542 (1972).

Mr. Siebert further argues that, in spite of the settlement and final judgment, as the fiduciary who instituted this proceeding, he is legally obligated and continues to be empowered to pursue it to a conclusion. As a practical matter, Mr. Siebert's position is without reason because the trust under which he derived authority has been voided ab initio. He no longer possesses trust powers enabling him either to represent Ms. Elton's interest or to act in her stead.

Rule 60(c)[2] provides that an individual's capacity is based on the law of domicile, and a fiduciary's authority is determined in accordance with the law of the jurisdiction from which authority is derived. Although Mr. Siebert has asserted that he remains empowered to act and that, as a fiduciary, he is compelled to complete the proceeding he instituted, he has not referred us to any legal precedent under the laws of Texas or Georgia that supports his position.

Mr. Siebert, in response to Ms. Elton's statement in support of her position, presented a detailed explanation of how Ms. Elton became involved with him in the trust relationship. In that regard, Mr. Siebert, by his explanation, seems to be defending against Ms. Elton's statement that she thought the trust arrangement was an illegal scheme. In deciding who is the

---

[2] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

proper party petitioner, we do not have to consider the merits of whether the trust arrangement was an illegal scheme. Mr. Siebert, however, concluded his explanation with the acknowledgment and confirmation that he, as a trustee, agreed to terminate the trust and that the attorneys for the trustee signed an agreement rendering the trust void. On the last point, Mr. Siebert asserts that neither the trustees nor their attorneys have legal standing to void the trust, ab initio or otherwise. Here again, Mr. Siebert provides no legal precedent for his position.

We are satisfied, based on the certified copy of the final judgment of the District Court of Bosque County, Texas, that a court of competent jurisdiction has rendered the trust void ab initio. Any infirmity that may exist in that final judgment must be addressed in the Texas courts where the trust was voided. Mr. Siebert has not provided any ground for this Court to question the effect or validity of the Texas court's judgment and has not shown that he remains qualified under State law to continue as the petitioner in this proceeding.

This is the first case to consider a fiduciary's claim that he remains empowered to pursue litigation where the trust from which his authority was derived has been voided ab initio. By way of analogy, we have decided that a petition filed by a trustee after the termination of the trust was not valid. See

Main-Hammond Land Trust v. Commissioner, 17 T.C. 942 (1951), affd. on other grounds 200 F.2d 308 (6th Cir. 1952). In the same vein, we have retained jurisdiction over petitions filed while a trust was active but had terminated after the petition was filed. See Patz Trust v. Commissioner, 69 T.C. 497 (1977); Main-Hammond Land Trust v. Commissioner, supra. The principles of these earlier opinions support our holding that while we retain jurisdiction over petitions filed when a trust was active even though subsequently voided, the trustee of a terminated or voided trust should not be preferred to the true party in interest where the trust has terminated or been voided and the subject of the trust returned to the settlor. In this situation, it is appropriate to favor the settlor over the trustee.

Mr. Siebert did cite some cases[3] in support of his position that he is and should continue as the taxpayer in this proceeding and that Ms. Elton should not be allowed to be substituted as the party petitioner herein. Those cases, however, are inapposite because they involve the question of who is obligated to report income and generally turn on factors such as ownership and title of income-producing property. Here, no one has questioned Mr. Siebert's ability to file the petition commencing this case. The

---

[3] See Griffiths v. Helvering, 308 U.S. 355 (1939); Edward G. Swartz, Inc. v. Commissioner, 25 B.T.A. 1065 (1932), affd. 69 F.2d 633 (5th Cir. 1934); Philadelphia Rapid Transit Co. v. United States, 81 Ct. Cl. 289, 10 F. Supp. 591 (1935).

question is whether he is authorized to continue as petitioner in this case.  The voiding ab initio of the trust returns to Ms. Elton the trust assets and authority to pursue this proceeding on her own behalf, and we hold that she is the proper party petitioner.  We also hold that Mr. Siebert is no longer authorized to prosecute this action and that Ms. Elton should be substituted as the party petitioner.[4]  Finally, Mr. Robertson will be allowed to enter his appearance on behalf of Ms. Elton.

To reflect the foregoing,

<u>An appropriate order will be issued.</u>

---

[4] Under Rule 63(d), this Court, on motion of a party or on its own initiative, may order the substitution of the proper party.