SUMMERLAND PARTNERSHIP, LAHAD ENTENDIDO, SUNBURST, SUNSHINE, SUNLAND, SUMMERSUN, SUMSUN, SUNCLEAN, ELMER C. PRATT, TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Summerland Partnership v. Commissioner
Docket No. 3534-88.
United States Tax Court
T.C. Memo 1988-548; 1988 Tax Ct. Memo LEXIS 577; 56 T.C.M. (CCH) 759; T.C.M. (RIA) 88548; November 30, 1988. Elmer C. Pratt, pro se. Steven J. Sibley, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion concerns the partnership audit and litigation provisions of sections 6221 through 6233. [1] On November 16, 1987, respondent issued notices of final partnership administrative adjustments (FPAAs) with respect to the 1984 tax year of the following partnerships: *579 Partnership
Amount
Name
Nature of Adjustment
Adjustment
Summerland
Disallowance of
$  86,048
Ordinary Loss
Reduction of Tax
518,400
Basis in Property
Lahad Entendido
Disallowance of
219,314
Ordinary Loss
Disallowance of
14,500
Research Credit
Reduction of Tax
625,000
Basis in Property
Sunburst
Disallowance of
63,731
Ordinary Loss
Reduction of Tax
384,000
Basis in Property
Sunshine
Disallowance of
108,463
Ordinary Loss
Reduction of Tax
711,520
Basis in Property
Sunland
Disallowance of
84,148
Ordinary Loss
Reduction of Tax
536,240
Basis in Property
Summersun
Disallowance of
97,459
Ordinary Loss
Reduction of Tax
587,520
Basis in Property
Sumsun
Disallowance of
95,476
Ordinary Loss
Reduction of Tax
669,500
Basis in Property
Sunclean
Disallowance of
66,100
Ordinary Loss
Reduction of Tax
463,500
Basis in Property
Each FPAA was mailed by respondent to "Gran [sic] Esperanzas Partnership, 2509 Eide Street, Anchorage, Alaska 99503-2634." On February 22, 1988, Elmer C. Pratt filed a joint petition in this Court as the Tax *580 Matters Partner of Summerland, Lahad Entendido, Sunburst, Sunshine, Sunland, Summersun, Sumsun, and Sunclean Partnerships. (The eight partnerships listed above shall hereinafter be referred to collectively as the " partnerships".) Mr. Pratt signed the petition as the tax matters partner for each partnership. The address 7700 B Downing, Bakersfield, California 93308 is set forth in the petition, but the language in the petition is unclear as to whether it is the address of the partnerships or of Elmer C. Pratt. The petition was served on respondent on February 25, 1988. Respondent filed his answer on April 25, 1988. The certificate of service attached to respondent's answer indicates that a copy of the answer was mailed on April 21, 1988, to petitioner Elmer C. Pratt at the Bakersfield, California address reflected in the petition rather than at the Anchorage, Alaska address to which the FPAAs were sent. On June 6, 1988, respondent filed the instant motion to dismiss for lack of jurisdiction alleging that Elmer C. Pratt was not the tax matters partner for the partnerships for 1984, and therefore, that the petition filed by Mr. Pratt did not properly commence a partnership action *581 with regard to respondent's FPAAs. Respondent has not moved to dismiss on the ground that Mr. Pratt filed a petition as tax matters partner beyond the 90-day period provided in section 6226(a)(1). Based upon allegations made in respondent's motion, it appears that the 1984 Federal partnership return of income of each of the above-named partnerships did not designate a tax matters partner. In his motion, respondent alleges that the Commissioner used the largest-profits-interest rule of section 6231(a)(7)(B) in determining the tax matters partner for each partnership as follows: Person Determined by Respondent
To Have Largest Profits Interest and
Partnership
Therefore To Be Tax Matters Partner
Summerland
Angelica Muns
Lahad Entendido
Melvin Miller
Sunburst
Stanley H. Woster
Sunshine
Stanley H. Woster
Sunland
Stanley H. Woster
Sumersum
Stanley H. Woster
Sumsun
Stanley H. Woster
Sunclean
Stanley H. Woster
The record otherwise, however, does not explain who Angelica Muns, Melvin Miller, and Stanley H. Woster are or where they reside. Other than respondent's allegations, no document in the record explains or supports respondent's identification *582 of Angelica Muns, Melvin Miller, and Stanley H. Woster as either a partner or tax matters partner of any of the partnerships. The certificate of service attached to respondent's motion to dismiss indicates that a copy of the motion was sent to Elmer C. Pratt at the Bakersfield, California address reflected in the petition. The certificate of service does not indicate that copies of respondent's motion also were sent to the Anchorage, Alaska address reflected in the FPAAs or to Angelica Muns, Melvin Miller, or Stanley H. Woster. Sections 6231(a)(7)(A) and (B) provide that the tax matters partner of a partnership is either the general partner designated as such in accordance with the regulations or, if no general partner is so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved. In addition, section 6231(a)(7) provides that if no general partner is designated as the tax matters partner and the Commissioner determines that it is impracticable to decide who the tax matters partner is based on the profits interests *583 of the partners, the Commissioner may select a partner to be treated as the tax matters partner. Under section 6226(a), the tax matters partner may file a petition in this Court for readjustment of partnership items within 90 days from the day on which a notice of final partnership administrative adjustment for such items was mailed to the tax matters partner. If the tax matters partner does not file a petition within the 90-day period provided by section 6226(a), any notice partner or five-percent group may file a petition for readjustment of partnership items for the taxable year involved, within 60 days after the close of the 90-day period pursuant to section 6226(b). [2] After the expiration of the 90-day period provided in section 6226(a)(1), a tax matters partner, who is also a notice partner, may file a petition as a notice partner within the 60-day period provided in section 6226(b)(1). Barbados #6 LTD v. Commissioner,85 T.C. 900, 904-905 (1985). *584 The law is clear that when an individual or entity that is not a tax matters partner files a petition on behalf of a partnership within the 90-day period provided under section 6226(a) the petition will not be regarded as commencing a partnership action. Computer Programs Lambda, Ltd. v. Commissioner,89 T.C. 198, 202 (1987). Such a petition, however, will not always be immediately dismissed on the filing of a motion by respondent. Defects in an imperfect petition may be cured by the filing of an amended petition if there is evidence that the original signatory was duly authorized to file the original petition on behalf of the non-signing petitioner. Rules 60(a) and 41(d), Tax Court Rules of Practice and Procedure; Sente Investment Club Partnership of Utah, Zell Mills, Tax Matters Partner v. Commissioner,T.C. Memo. 1988-376. See also Brooks v. Commissioner,63 T.C. 709, 713-715 (1975). The grant or denial of a motion to amend an imperfect petition is within the Court's discretion. Brooks v. Commissioner, supra at 714; *585 Rule 60(a), Tax Court Rules of Practice and Procedure.
But for the insufficiency of information provided in respondent's motion, we might have been inclined to grant respondent's motion and to dismiss the petition filed herein. Elmer C. Pratt does not appear to have been the tax matters partner of the partnerships for 1984, and Mr. Pratt filed no response to respondent's motion to dismiss. As explained, respondent's motion to dismiss alleges that the identification of each partnership's tax matters partner was based on the profits interest of each named tax matters partner. Respondent has not provided, however, any corroborative evidence of the specific profits interest of Angelica Muns, Melvin Miller, or Stanley H. Woster. Furthermore, respondent has not provided a copy of a 1984 Federal partnership return of income for any of the partnerships or any other document reflecting the names of the partners,their addresses, and their profits interests. In addition, respondent's motion does not explain the Anchorage, Alaska address to which the FPAAs for the partnerships were mailed, nor does the motion explain the difference between the Anchorage, Alaska address reflected in the *586 FPAAs and the Bakersfield, California address reflected in the petition filed by Elmer C. Pratt. The record does not indicate whether the partnerships were limited partners of Grand Esperanzas Partnership or if the partnerships were limited partners of a partnership in which Grand Esperanzas was the general partner. Further, respondent has failed to provide any explanation of the relationship between Grand Esperanzas on the one hand and the partnerships, Angelica Muns, Melvin Miller, Stanley H. Woster, and Elmer C. Pratt, on the other. The record also does not disclose whether the Anchorage, Alaska address reflected in the FPAAs is the last known address of each partnership or the purported last known address of the tax matters partner for each of the partnerships. Respondent's failure to provide any evidence verifying that the Anchorage, Alaska address to which the FPAAs were mailed was the last known address of either the partnerships or their respective tax matters partners, coupled with his failure to corroborate his identification of the tax matters partners cause this Court to question whether the 90-day period in which each partnership's tax matters partner may file a petition *587 as provided in section 6226(a) has ever commenced. [3]
Due to the above-mentioned defects, respondent's motion will be denied without prejudice to respondent to file a revised motion in which proper documentation and appropriate information is provided and with respect to which adequate service is made on the individual who filed the petition as tax matters partner and on each individual respondent determines to be the tax matters partner for each of the named partnerships. We note, however, that because the petition Mr. Pratt filed as tax matters partner appears to have been filed beyond the 90-day period provided in section 6226(a)(1) it may be appropriate to regard his petition as that of a notice partner, filed within the 60-day period provided by section 6226(b)(1). See Barbados #6 LTD.v. Commissioner,85 T.C. 900, 904-905 (1985). If the petition was not filed within the 90-day period, the motion that perhaps should be filed by either Mr. Pratt or respondent is a motion to change the caption on the instant *588 joint petition to reflect that the document is to be treated as a petition filed by a notice partner pursuant to section 6226(b)(1). An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Sec. 6226 provides, in relevant part -- SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS. (a) Petition by Tax Matters Partner. -- Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with -- (1) the Tax Court (2) the district court of the United States for the district in which the partnership's principal place of business is located, or (3) the Claims Court. (b) Petition by Partner Other Than Tax Matters Partner. -- (1) In general. --If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).↩
3. The procedure for mailing a FPAA is provided in section 301.6223(a)-1T, Temporary Proced. and Admin. Regs., 52 Fed. Reg. 6783↩ (March 5, 1987).