SALVATORE M. CARUANA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caruana v. Commissioner
Docket No. 17847-85
United States Tax Court
T.C. Memo 1989-371; 1989 Tax Ct. Memo LEXIS 370; 57 T.C.M. (CCH) 1073; T.C.M. (RIA) 89371; July 25, 1989
*370 Elliot D. Lobel and Martin G. Weinberg, for the petitioner. Pamela Gibson and Ronald F. Hood, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: This case is presently before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and Taxpayer's Fugitive from Justice Status, filed June 3, 1988. The motion is predicated upon two grounds: (1) that the petition was not filed by a proper party, see Rule 60(a), Tax Court Rules of Practice & Procedure, and Hoffman v. Commissioner, 63 T.C. 638, 642 (1975), and (2) that the taxpayer was a fugitive from justice prior to the filing of the petition, see Berkery v. Commissioner, 90 T.C. 259 (1988), Supplemental Opinion 91 T.C. 179 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989). Two statutory notices of deficiency were mailed on March 15, 1985, to Salvatore M. Caruana (petitioner), one for each of the taxable years 1978 and 1979. Petitioner was indicted on November 28, 1983, by a grand jury in a United States District Court for the District of Massachusetts for, inter alia, violation of 21 U.S.C. section 848 *371 (1982). An essential element of this section is that the accused is shown to have obtained "substantial income or resources" from a continuing series of violations of Federal drug laws. The transactions underlying the determinations in respondent's notices of deficiency for the taxable years 1978 and 1979 form part of the allegations contained in the November 28, 1983 indictment. Petitioner failed to appear for trial in District Court on April 2, 1984, and authorities have been searching for him ever since. He remains a fugitive from justice. On June 14, 1985, Attorney Martin G. Weinberg (Weinberg) filed a petition with this Court alleging errors in the Commissioner's March 15, 1985 notices of deficiency. Respondent filed his Answer on August 20, 1985, which was followed by petitioner's Reply dated September 9, 1985. The case was set for trial on March 16, 1987, in Boston, Massachusetts. On January 5, 1987, respondent filed a Request for Admissions. On January 29, 1987, following the request by respondent for admissions, Weinberg filed a Motion for Continuance along with a memorandum in support of the motion. The memorandum stated that he was counsel for petitioner and represented *372 his interests in the redetermination petition; that petitioner was indicted in 1983 by a grand jury and that sometime after March 15, 1985, he learned that the Commissioner of Internal Revenue had issued notices of deficiency alleging that petitioner underpaid his taxes; that he authored the letters attached to petitioner's 1978 and 1979 income tax returns and served as attorney for petitioner until petitioner's unexplained disappearance on or about April 2, 1984, and that he had not heard from or had any contact with petitioner since then. Weinberg stated that because he represented petitioner as to his tax-related matters for 1978 and 1979 prior to his disappearance in 1984, he filed the instant petition on petitioner's behalf in order to protect his right to petition the Tax Court. Weinberg furthermore stated that due to petitioner's absence and the attorney-client privilege, he was incapable of responding to respondent's discovery request or adequately presenting petitioner's case at trial and, thus, filed the Motion for Continuance on January 29, 1987, which was granted on March 2, 1987. On March 25, 1987, petitioner's counsel, Elliot D. Lobel (Lobel), filed another Motion *373 for Continuance. Lobel filed an entry of appearance on May 26, 1987. Lobel's role in the proceedings was limited initially to the cross examination of a single witness. However, because petitioner's counsel Weinberg anticipated conflict problems with several witnesses, Lobel's role was changed to be "akin to lead counsel." Thus, Lobel in this second Motion for Continuance requested additional time to prepare for trial. There was no further action on this case until June 3, 1988, when respondent filed his Motion to Dismiss for Lack of Jurisdiction and Taxpayer's Fugitive from Justice Status. Respondent first contends that the petition for redetermination of deficiencies which was filed by Weinberg on June 11, 1985, has never been ratified or authorized by petitioner and, therefore, was not brought by the proper party. In support of this, respondent states that in the affidavit of January 27, 1987, attached to the first Motion for Continuance, Weinberg stated that "[he had] not heard from or had any contact with petitioner since his unexplained disappearance in 1984." Despite no contact with petitioner, Weinberg filed the redetermination petition on petitioner's behalf in order *374 to protect petitioner's right to petition this Court because he had represented petitioner Caruana prior to his disappearance in 1984 on his tax-related matters for the taxable years 1978 and 1979. Respondent continued that during a February 27, 1987, telephone conference, Weinberg represented to the Court that due to a conflict, Lobel would have to take over most of the trial. Based on the foregoing, we conclude that when Weinberg filed the petition on petitioner's behalf over a year after their last meeting, he had not received authorization from petitioner for his actions or the subsequent actions of Lobel. Neither Weinberg nor Lobel have had any contact with petitioner since before the petition was filed. Thus, the petition was not filed by the proper party, neither attorneys' actions have been ratified by petitioner, and the case must be dismissed for lack of jurisdiction. See Rule 60(a), Tax Court Rules of Practice and Procedure; Hoffman v. Commissioner, 63 T.C. at 642. Based on the foregoing, we need not consider respondent's alternative ground for dismissal. An order of dismissal will be entered.