MIRJANA GRUEVSKI AND STEPHAN GRUEVSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; FIELD FORCE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gruevski v. Commissioner
Docket Nos. 28826-89, 28827-89
United States Tax Court
T.C. Memo 1990-291; 1990 Tax Ct. Memo LEXIS 309; 59 T.C.M. (CCH) 842; T.C.M. (RIA) 90291; June 12, 1990, Filed *309 An appropriate order will be issued in Docket no. 28826-89, and an appropriate order will be entered in Docket no . 28827-89. Nathaniel Ruff and Max Cohen, for the petitioners. J. Eric Lawson, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is before the Court on respondent's separate Motions to Dismiss for Lack of Jurisdiction as to petitioners Stephan Gruevski and Field Force, Inc., filed February 5, 1990. Petitioners answered on March 5, 1990, and this matter was set for hearing *310 on June 18, 1990. Nonetheless, we have determined that this matter can be resolved without a hearing. By a notice of deficiency dated September 7, 1989, respondent determined deficiencies in joint Federal income tax and additions to tax against petitioners Stephan and Mirjana Gruevski in the following amounts: Section
Section
Section
Tax Year
Deficiency
6653(b)(1)(A) [1]
6653(b)(1)(B)
6661
1986 $  96,873
$ 72,655
$ 12,703
$ 24,218
1987
116,082
87,061
8,378
29,020
By a separate notice of deficiency also dated September 7, 1989, respondent determined deficiencies in Federal income tax and additions to tax against petitioner Field Force, Inc. in the following amounts: Tax Year
Section
Ended
Deficiency
6661
Sept. 30, 1986
$ 22,634
$  5,658
Sept. 30, 1987
67,222
16,806
*311 Respondent also determined additions to tax against petitioner Field Force, Inc. pursuant to sections 6653(b)(1) and 6653(b)(2) in the amounts $ 11,317 and $ 3,401 for taxable year ended September 30, 1986, and pursuant to sections 6653(b)(1)(A) and 6653(b)(1)(B) in the amounts of $ 50,417 and $ 6,255 for taxable year ended September 30, 1987. The deficiencies and additions to tax determined by respondent against all three petitioners were assessed by respondent pursuant to the jeopardy assessment procedures of section 6861. On December 4, 1989, when the petitions in these cases were filed, petitioner Mirjana Gruevski resided in Gary, Indiana, and the whereabouts of petitioner Stephan Gruevski were unknown. Petitioners Mirjana and Stephan Gruevski had been married at the time of filing their joint income tax returns but were divorced on September 25, 1989. Petitioner Field Force, Inc. ("Field Force") was a corporation solely owned by Stephan Gruevski and whose only place of business was in Indiana. The petitions filed on behalf of petitioners Stephan and Mirjana Gruevski and Field Force were signed only by Nathaniel Ruff ("Ruff") of the law firm Lesniak & Ruff and by Max Cohen *312 ("Cohen") of the law firm Cohen & Thiros. The petition averred, among other claims, that Stephan Gruevski had abandoned his wife and children on May 28, 1989, that Stephan Gruevski had not contacted Mirjana Gruevski or his attorneys since that time, and that Mirjana Gruevski was an innocent spouse within the meaning of section 6013(e). The petitions further averred that Mirjana Gruevski and Field Force had filed an action for review of the jeopardy assessments in the U.S. District Court for the Northern District of Indiana that was still pending at the time the petitions were filed. In response to the petitions, respondent moved for dismissal of the cases against Stephan Gruevski and Field Force on the grounds that neither Mirjana Gruevski, Ruff, nor Cohen were authorized to file a petition on behalf of either Stephan Gruevski or Field Force. Petitioners submitted various documents and affidavits including a power of attorney over real estate interests, comprising the bulk of the Gruevskis' assets, given by Stephan Gruevski to Mirjana Gruevski on June 9, 1989. Petitioners also introduced an amended petition for guardianship filed by Mirjana Gruevski in Lake County Superior Court *313 in Gary, Indiana, on February 16, 1990, in which she asked to be appointed guardian over the assets belonging to Stephan Gruevski ("the petition for guardianship"). The petition for guardianship explained that Stephan Gruevski had abandoned his wife and three children to avoid prosecution with respect to Federal income tax liability. The petition for guardianship further stated that, pursuant to the divorce decree, Mirjana Gruevski and the children had been awarded 80 percent of the family's assets and that, without the power to act on behalf of Stephan Gruevski, Mirjana Gruevski would not be able to protect her interests or those of her children. The petition for guardianship was not to have been finally adjudicated until March 1990 and this Court has not been informed of the final decision. Petitioners also submitted an affidavit from Nick Thiros ("Thiros") of the law firm Cohen & Thiros stating that Thiros was explicitly authorized to act as agent "in connection with any tax matters of [Stephan Gruevski] or any of his business entities." Respondent submitted a letter written by Patrick D. Hansen ("Hansen"), Assistant U. S. Attorney for the Northern District of Indiana, to *314 Joseph Love ("Love"), the Group Manager of the Strategic Compliance Group of the Internal Revenue Service in Indianapolis, Indiana, dated July 12, 1989. In this letter, Hansen indicated that the Justice Department had received information from an unnamed informant, a prior employee of Field Force, to the effect that Stephan Gruevski had been diverting money from Field Force for his own uses through a number of different methods without reporting such monies as income. Additionally, the informant stated that Stephan and Mirjana Gruevski had operated a speedway business netting them $ 5,000 per month for six months a year and had not reported the income on their Federal income tax returns. Finally, the informant stated that Stephan Gruevski had fled the country for Bitola, Yugoslavia, taking some of the couple's assets and that Mirjana Gruevski was planning to liquidate the remaining assets and to join her husband in Yugoslavia. Respondent first argues that Stephan Gruevski was a fugitive from justice at the time the petition was filed and that, therefore, his petition should be dismissed. In Berkery v. Commissioner,90 T.C. 259 (1988), Supplemental Opinion 91 T.C. 179 (1988), *315 affd. by unpublished opinion 872 F.2d 411 (3d Cir. 1989), [2] we concluded that where a taxpayer is a fugitive from justice we have discretion to dismiss his case, even if he is prepared to be represented by counsel at trial. As we noted, Petitioner wishes to pick and chose which of the benefits and burdens of the U.S. legal system apply to him. Petitioner's contemptuous behavior toward the Federal courts, however, disentitles him to call upon the resources of this Court in the instant cases. Molinaro v. New Jersey, 396 U.S. [365], at 366 [1970]. We deem that behavior sufficient cause to exercise our discretion to dismiss these cases. Rules 123(b), 123 (d). * * * Berkery v. Commissioner,90 T.C. 259, 265-266 (1966).
Nonetheless, we cannot conclude that Stephan Gruevski is a fugitive from justice. Although *316 his whereabouts are unknown, there is no indication that he has been indicted or is threatened by imminent criminal prosecution. Because Stephan Gruevski has not been indicted, we fail to see how he could be a fugitive. Respondent next argues that neither Mirjana Gruevski nor the attorneys Ruff and Cohen were authorized to file petitions on behalf of Stephan Gruevski and Field Force. Ordinarily, a petition must be signed by the taxpayer who seeks a review of a deficiency determination and a petition signed by only one taxpayer with respect to a joint deficiency notice will not be valid with respect to the nonsigning taxpayer. Brooks v. Commissioner,63 T.C. 709, 711 (1975). Where there is evidence that the taxpayer on whose behalf the petition was filed had intended to be represented by the person who actually signed the petition, and the taxpayer subsequently ratifies the petition, we have been liberal in allowing necessary amendments to the petition. Kraasch v. Commissioner,70 T.C. 623 (1978); *317 Carstenson v. Commissioner,57 T.C. 542 (1972); Hoj v. Commissioner,26 T.C. 1074 (1956).[3] Particularly where the taxpayer who has failed to sign a petition with respect to a joint deficiency is the spouse of the taxpayer who did file the petition, we have found implied consent and authorization. Brooks v. Commissioner, supra at 714; Holt v. Commissioner,67 T.C. 829, 832 (1977).Nonetheless, our inquiry is one of facts and circumstances. See Abeles v. Commissioner,90 T.C. 103 (1988). Petitioners argue that by giving Mirjana Gruevski a power of attorney with respect to real estate, Stephan Gruevski indicated his desire that Mirjana Gruevski manage his affairs in his absence because the bulk of his assets were real estate holdings. Furthermore, petitioners contend that the petition for guardianship should be interpreted as a ratification of *318 the authority that was created in the power of attorney over real estate. Petitioners argue that this authority, then, empowered Mirjana Gruevski to file a petition in this Court on behalf of Stephan Gruevski. Petitioners maintain, therefore, that Mirjana Gruevski was acting as an agent of Stephan Gruevski when she authorized attorneys Ruff and Cohen to file the petition on behalf of herself and her ex-husband. We are not convinced that Mirjana Gruevski was authorized to file a petition in this Court on behalf of her ex-husband. To support her claims of authority, Mirjana Gruevski argues that the power of attorney Stephan Gruevski vested in her with respect to real estate establishes her authority over all his property interests. We do not see anything more in the power of attorney than Stephan Gruevski's intention that Mirjana Gruevski have control over his real estate investments. We are unable to perceive a veiled authority to file a petition on his behalf in this Court. We further note that at the time the petition was filed, Stephan and Mirjana Gruevski were divorced and we cannot assume that they intended to act in concert. In fact, the converse assumption is just as likely. *319 Petitioners further argue that when Mirjana Gruevski sought to be appointed guardian over her ex-husband's assets after his departure, that action constituted sufficient ratification of her filing of the petition on his behalf. In order to constitute a ratification, however, the ratifying action must be made by the principal, not the agent. In order to ratify Mirjana Gruevski's purported authority to file a petition in his behalf, Stephan Gruevski should have affirmed her action himself. The petition for guardianship was an action taken by Mirjana Gruevski, apparently without Stephan Gruevski's knowledge or approval. There is no indication that Stephan Gruevski wanted his ex-wife to be appointed guardian over all of his assets and interests, and, thus, the petition for guardianship cannot be interpreted as his ratification of her authority. We cannot accept petitioners' explanation of these events. We find that Mirjana Gruevski was not authorized by Stephan Gruevski to file the petition. By the same token, we conclude that Mirjana Gruevski was not authorized to authorize Ruff or Cohen to act as Stephan Gruevski's agent in filing a petition in this Court on behalf of Field *320 Force. Petitioners next argue that Stephan Gruevski authorized Thiros to represent him in all tax matters on behalf of himself or his business and that this authority corrects the defects in the petitions. While an attorney may generally file a petition in this Court on behalf of a taxpayer, the petition will be deemed invalid if the case is not properly brought on behalf of the taxpayers and the taxpayer does not ratify the petition. Abeles v. Commissioner,90 T.C. 103, 108 (1988);Rule 60(a)(1).[4] Without ratification the case will be dismissed. Hazim v. Commissioner,82 T.C. 471, 472 (1984).As noted above, Stephan Gruevski has made no action that could be interpreted as a ratification of the filing of a petition in this Court on behalf of either himself or Field Force. *321 Ordinarily the signature of a party or counsel to pleadings and other papers filed with the Court, as required by our Rules of Practice and Procedure, is effective for procedural purposes. Rules 23(a)(3) and 33. Furthermore, signature of counsel ordinarily represents that such counsel is authorized to represent the party or parties for whom the pleading is filed. Rule 33(b). However, when the authority of any such signer to execute the pleadings or represent one of the parties is questioned by respondent, then under these circumstances the person whose authority is in issue must submit more substantive evidence of such authority than has been presented here. We thus conclude that the petitions with respect to Stephan Gruevski and Field Force are invalid, and respondent's motion will be granted. The petition with respect to Mirjana Gruevski, however, is properly brought and will not be dismissed. To reflect the foregoing, An appropriate order will be issued in Docket no. 28826-89, and an appropriate order will be entered in Docket no. 28827-89.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also Smith v. Commissioner,T.C. Memo. 1989-325; Caruana v. Commissioner,T.C. Memo. 1989-371↩.
3. See also Shopsin v. Commissioner,T.C. Memo. 1984-151↩.
4. Rule 60(a)(1)↩ states in pertinent part: "A case timely brought shall not be dismissed on the ground that is it not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party."