## MONTANA SAPPHIRE ASSOCIATES, LTD., PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22195-87.          Filed October 30, 1990.

---

*Larry E. Johnstone,* for the petitioner.
*Mark E. Bohe,* for the respondent.

OPINION

RUWE, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. By notice of final partnership administrative adjustment (FPAA) dated April 6, 1987, respondent determined adjustments to the partnership return of Montana Sapphire Associates, Ltd. (Montana Sapphire), for its 1983 taxable year.

FINDINGS OF FACT

During the taxable year 1983, Montana Sapphire was a limited partnership organized under the laws of the State of Washington. A certificate and agreement of limited partnership was filed with the Secretary of State, State of Washington, on December 8, 1983. According to the agreement, Geotechtonic Developments, Inc. (Geotechtonic), was named as the corporate general partner with primary management power and responsibility. Ronald W. Colwill (Colwill) was named as individual general partner with no

---

[1] This case was assigned pursuant to sec. 7443A and Rule 180 et seq. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.

management power except in case of incapacity or dissolution of the corporate general partner. The parties have stipulated that Geotechtonic was the managing corporate partner and tax matters partner of Montana Sapphire during the taxable year 1983. While not entirely clear from the record, it appears that at some point after 1983 Geotechtonic no longer continued to serve as managing partner and Colwill took over these duties pursuant to the partnership agreement.

Again, while not entirely clear from the record, it appears that sometime in 1984 a limited partner, Robert E. Erlich, was elected to replace Colwill to manage the partnership. In March 1985, James F. McAuliffe (McAuliffe) was elected "Managing General Partner" of Montana Sapphire by a ballot of the limited partners. McAuliffe was the accountant for Montana Sapphire, and he prepared an amended return, Form 1065, for the partnership's 1983 taxable year. At no time, however, has McAuliffe owned a capital or profits interest in Montana Sapphire.

The limited partnership agreement also provided that the managing general partner would serve as the tax matters partner under section 6221 and have all powers granted under that section.

The FPAA's issued by respondent were mailed on April 6, 1987, to "Tax Matters Partner, Montana Sapphire Associates, Ltd." at three separate addresses—144 Railroad Avenue, Suite 107, Edmonds, Washington 98020; 1750 Dexter Avenue North, Seattle, Washington 98109-3073; and P.O. Box 590, Edmonds, Washington 98020. FPAA's were also mailed to 17 individuals or couples holding partnership interests in Montana Sapphire.

A petition for readjustment of partnership items was filed on July 6, 1987, which was within the period prescribed under section 6226(a). The petition was captioned "Montana Sapphire Associates, Ltd., Petitioner, v. Commissioner of Internal Revenue, Respondent." The petition was signed by Larry E. Johnstone as "counsel for petitioner." Neither a tax matters partner nor any other partner is named in the caption of the petition; however, the parties agree that McAuliffe authorized the petition to be filed.

Respondent has moved to dismiss the petition on the ground that the petition was not filed by the tax matters partner of Montana Sapphire.

## OPINION

Respondent argues that this case must be dismissed for lack of jurisdiction because only the tax matters partner may file a petition during the first 90 days after an FPAA is issued, and McAuliffe is not the tax matters partner of Montana Sapphire. Counsel for petitioner contends that McAuliffe is the tax matters partner of Montana Sapphire, and, in the alternative, that McAuliffe was the authorized agent of the partnership to file a petition on behalf of its partners.

Section 6226(a) provides that within 90 days after respondent mails an FPAA to a partnership, "the tax matters partner may file a petition for readjustment." The petition for readjustment of partnership items was mailed to the Court on July 2, 1987. The parties do not dispute that pursuant to sections 7502 and 7503 the petition was filed within the period prescribed in section 6226(a).

The first question to be resolved is whether McAuliffe is the tax matters partner. "Tax matters partner" is defined in section 6231(a)(7) as:

(7) TAX MATTERS PARTNER.—The tax matters partner of any partnership is—

(A) the general partner designated as the tax matters partner as provided in regulations, or

(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved * * * .

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

Section 6231(a)(2) defines "partner" (for purposes of sections 6221-6233) as:

(2) PARTNER.—The term "partner" means—

(A) a partner in the partnership, and (B) any other person whose income tax liability under subtitle A is determined in whole or in part

by taking into account directly or indirectly partnership items of the partnership.

Section 301.6231(a)(7)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6791 (Mar. 5, 1987), provides the methods by which a partnership may designate a tax matters partner. The partnership may make a designation on the partnership return in the space for such designation, or if there is no such space on the return, then by attaching to the return a statement which: (1) Identifies the partnership and the tax matters partner by name, address, and taxpayer identification number, (2) declares that the statement is a tax matters partner designation for a particular taxable year, and (3) is signed by the partner signing the return. A designation can also be made after the return is filed by the majority interest general partners' filing a statement with respondent designating a partner as tax matters partner. Sec. 301.6231(a)(7)-1T(e), Temporary Proced. & Admin. Regs. When no formal designation is made, the tax matters partner "shall be" the general partner having the largest profits interest. Sec. 6231(a)(7)(B); sec. 301.6231(a)(7)-1T(m)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987); *1983 Western Reserve Oil & Gas Co. v. Commissioner*, 95 T.C. 51 (1990).

Since McAuliffe was not and is not a partner in Montana Sapphire, he can not qualify under the statute as tax matters partner. *1983 Western Reserve Oil & Gas Co. v. Commissioner, supra;* see also *Sente Investment Club Partnership of Utah v. Commissioner*, T.C. Memo. 1988-376. Under section 6226(a), only the tax matters partner may petition for readjustment of the partnership items within the first 90 days after an FPAA is issued. *Chomp Associates v. Commissioner*, 91 T.C. 1069, 1077 (1988); *Computer Programs Lambda, Ltd. v. Commissioner*, 89 T.C. 198, 205 (1987); *Transpac Drilling Venture 1982-22 v. Commissioner*, 87 T.C. 874 (1986); *Sierra Design Research & Development Ltd. Partnership v. Commissioner*, T.C. Memo. 1989-506.

In holding that McAuliffe cannot qualify as tax matters partner under the statute, we reject petitioner's argument that respondent's treatment of McAuliffe evidences that respondent "selected" McAuliffe as tax matters partner

under section 6231(a)(7). McAuliffe could not be selected by respondent as the tax matters partner of Montana Sapphire for the same reason that he could not qualify under section 6231(a)(7)(A) or (B): he is not and never was a partner in the partnership. We also note that no FPAA was addressed to McAuliffe in his name as tax matters partner. Rather, all of the FPAA's issued by respondent were generic notices addressed simply to "Tax Matters Partner."

The petition filed at the direction of McAuliffe within the 90-day period was not filed by the tax matters partner of Montana Sapphire. It was not signed by the tax matters partner of the partnership or counsel on behalf of the tax matters partner. The petition does not comply with section 6226(a) or Rule 240(c)(1). Accordingly, the petition is defective in this regard.

The second question to be resolved is whether the petition must be dismissed since it is defective.

In several cases where a defective petition was timely filed, we have granted leave to a petitioner to file an amended petition. "Defects in an imperfect petition may be cured by the filing of an amended petition if there is evidence that the original signatory was duly authorized to file the original petition on behalf of the nonsigning petitioner." *Summerland Partnership v. Commissioner*, T.C. Memo. 1988-548, 56 T.C.M. 759, 761, 57 P-H Memo T.C. par. 88,548 at 2837. See also Rules 60(a) and 41(d); *Sente Investment Club Partnership of Utah v. Commissioner*, T.C. Memo. 1988-376. The grant or denial of leave to amend a defective petition is within the Court's discretion. Rule 60(a); *Brooks v. Commissioner*, 63 T.C. 709, 714 (1975).

Where there is evidence that the taxpayer on whose behalf the petition was filed had intended to be represented by the person who actually signed the petition, and the taxpayer subsequently ratifies the petition, we have been liberal in allowing necessary amendments to the petition. *Kraasch v. Commissioner*, 70 T.C. 623 (1978); *Carstenson v. Commissioner*, 57 T.C. 542 (1972); *Hoj v. Commissioner*, 26 T.C. 1074 (1956). * * * [*Gruevski v. Commissioner*, T.C. Memo. 1990-291, 59 T.C.M. 842, 844, 59 P-H Memo T.C. par. 90,291 at 1356. Fn. ref. omitted.]

In *Carstenson v. Commissioner*, 57 T.C. 542 (1972), cited in *Sente Investment Club Partnership of Utah v. Commis-*

*sioner, supra,* we held that individual taxpayers had authorized their accountant, who was not admitted to practice before the Tax Court, to file a petition on their behalf, and we permitted amendment of the petition after the 90-day period for filing a petition had elapsed. Here, the readjustment petition was filed by the elected "managing partner" of the partnership. The "managing partner" was elected by a majority of the partners. According to the partnership agreement, the "managing partner" was authorized to act as the tax matters partner under section 6221 and was purportedly granted all powers of the tax matters partner. In this regard, we note that McAuliffe was thus the agent of the partners, any of whom could have qualified as tax matters partner if selected by respondent. At some point, in order for this litigation to proceed and ultimately be concluded, the Court may be required to appoint a tax matters partner, or to dismiss this case, if the partners do not advise the Court of the name of a person who is qualified under the statute to serve as tax matters partner.

In this case, the petition was filed by counsel, who believed that he was properly filing a petition under section 6226(a) based on the representation of McAuliffe and the power granted in the partnership agreement. If we were to grant respondent's motion, the partners of Montana Sapphire would have no judicial remedy with respect to the partnership adjustments determined in the FPAA. This is not a situation where multiple petitions were filed under section 6226(a) and (b). Cf. *Amesbury Apartments, Ltd. v. Commissioner,* 95 T.C. 227 (1990); *1983 Western Reserve Oil & Gas Co. v. Commissioner, supra.* We do not believe that it is appropriate to dismiss the petition under these circumstances without first giving (1) the partnership the opportunity to advise the Court of the name of a person to be appointed tax matters partner and (2) the tax matters partner the opportunity of ratifying the original petition.

Respondent's motion to dismiss for lack of jurisdiction will be held in abeyance and the Court will allow 60 days (1) for petitioner to advise the Court of the name of the partner

to be appointed as tax matters partner and (2) for such tax matters partner to file an amended petition.

*An appropriate order will be issued.*