AMRB ASSOCIATES,MID-STATES RESOURCES, INC., TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
AMRB Assoc. v. Commissioner
Docket No. 4130-88
United States Tax Court
T.C. Memo 1991-450; 1991 Tax Ct. Memo LEXIS 499; 62 T.C.M. (CCH) 733; T.C.M. (RIA) 91450; September 16, 1991, Filed *499 Henry W. Walther and John D, Humbert, for the petitioner. James C. Gibbons and Curtis G. Wilson, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION We consider here respondent's motion to dismiss for lack of jurisdiction on the ground that the petition for readjustment of partnership items was not filed by the tax matters partner (TMP) of AMRB Associates (AMRB) pursuant to section 6226(a). [1]
Background
AMRB is a partnership for which the provisions of section 6221 et seq. are applicable. On December 22, 1987, respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) to Mid-States Resources, Inc. (Mid-States), as TMP for AMRB's 1982, 1983, and 1984 taxable years. On March 3, 1988, Mid-States filed a petition for readjustment of partnership items within the 90-day *500 period prescribed under section 6226(a). No other partner filed a petition during the periods provided under section 6226(a) and (b). During the years 1982, 1983, and 1984, Mid-States, a corporation organized in the State of Missouri, was the sole general partner of AMRB and, therefore, AMRB's TMP in accordance with section 6231(a)(7). On or about February 11, 1987, Mid-States' corporate charter was forfeited and it was dissolved for failure to file its annual franchise tax reports and failure to pay franchise tax. By letter dated July 7, 1989, respondent received a Registration and Notification of New Tax Matters Partner in which Mid-States tendered its resignation as TMP effective June 1, 1988, and Richard Bruce Jahnke (Jahnke) was designated as the new TMP for all partnership taxable years subsequent to 1983. Jahnke was not a general partner at the time of his designation or during the taxable years 1982, 1983, and 1984. Discussion
Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition for readjustment of partnership items was not filed by the TMP pursuant to section 6226(a). Respondent contends that Mid-States' status as TMP terminated *501 on or about February 11, 1987, when its corporate charter was forfeited. Respondent further argues that because the petition was filed by a partner who was not the TMP within the 90-day period following the mailing of the FPAA, the petition is invalid. Finally, respondent argues that Mid-States' attempt to designate Jahnke as the successor TMP is invalid under section 301.6231(a)(7)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6791 (Mar. 5, 1987). Petitioner objects to respondent's motion to dismiss and argues that the doctrine of ratification should be applied to remedy Mid-States' lack of capacity. The TMP of a partnership is defined in 6231(a)(7) as follows: (7) TAX MATTERS PARTNER. -- The tax matters partner of any partnership is -- (A) the general partner designated as the tax matters partner as provided in regulations, or
(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved * * * If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph *502 (B), the partner selected by the Secretary shall be treated as the tax matters partner.
Under section 6226(a) only the TMP may file a petition for readjustment of partnership items within the 90-day period following the issuance of an FPAA to the TMP. If the TMP does not file a petition within the 90-day period, any notice partner or 5-percent group may file a petition for readjustment of partnership items within 60 days after the close of the 90-day period in accordance with section 6226(b)(1). If the partnership is without a TMP before this Court, we may exercise our authority under Rule 250 to appoint a TMP rather than allow respondent to make a selection, because respondent is the partnership's adversary during the litigation. Computer Programs Lambda v. Commissioner, 90 T.C. 1124, 1127 (1988). Under temporary regulations, a designation as TMP terminates upon the dissolution of a TMP if it is an entity. Sec. 301.6231(a)(7)-1T(1)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987). Rule 60(c) states "The capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized." *503 Mo. Ann. Stat. sec. 351.525 (Vernon 1991) provides that corporations which fail to file an annual report and pay franchise tax within 90 days of the due date shall suffer the forfeit of corporate rights and privileges. Thereafter, the secretary of state shall cancel the certificate or license and all powers and privileges, subject to rescission under Mo. Ann. Stat. sec. 351.340 (Vernon 1991). In this case, there has been no rescission of the forfeiture. The Missouri statute also provides, that upon forfeiture and dissolution, the corporate directors and officers shall become the trustees of the corporation and shall be authorized to wind up the business and affairs of the corporation and to sue for and recover debts and property due the corporation. Mo. Ann. Stat. sec. 351.525 (Vernon 1991). [2] In Clark Estate Co. v. Gentry, 362 Mo. 80, 86, 240 S.W.2d 124, 127, cert. denied 342 U.S. 868, 96 L. Ed. 653, 72 S. Ct. 109 (1951), the Missouri Supreme Court construed a predecessor of Mo. Ann. Stat. sec. 351.525 (Vernon 1991) in the following manner: On the day of the forfeiture, the company's very being as a legal entity was destroyed and from that date the then *504 officers and directors of the dissolved corporation became statutory trustees of its affairs for the purposes stated in the statute. Among the statutory rights forfeited was that of suing as a corporation. The corporation could no longer sue in its own name. Having no legal entity it could not be a party plaintiff or defendant at law or in equity. The right to assert its claims against these defendants was vested by law exclusively in the trustees. Only they -- as such trustees, in their own names in behalf of the corporation, in their representative capacity -- were entitled to institute the action filed on March 6, 1930. * * * [Citations omitted.]
*505 The United States Court of Appeals in Moore v. Matthew's Book Co., 597 F.2d 645, 647 (8th Cir. 1979), held that Mo. Ann. Stat. sec. 351.525 (Vernon 1991) requires all the trustees to join in an action pursued by a corporation which has forfeited its charter unless adequate reasons are given to explain their absence. Accordingly, under the Missouri statute, Mid-States did not have the capacity to file a petition as TMP in the partnership proceeding. A petition filed during the 90-day period by a partner other than the TMP is an invalid petition and a partnership action is not commenced. Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227 (1990); Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 205 (1987). However, in a limited line of cases, we have permitted the perfection of "imperfect petitions." See Holt v. Commissioner, 67 T.C. 829 (1977); Brooks v. Commissioner, 63 T.C. 709 (1975); Carstenson v. Commissioner, 57 T.C. 542 (1972). Under the principle of ratification, an imperfect petition can be perfected by the filing of an amended petition *506 if there is evidence that a person qualified to file the petition authorized or consented to the filing of the petition by the improper party. Montana Sapphire Associates, Ltd. v. Commissioner, 95 T.C. 477 (1990). On March 21, 1991, this Court issued an order stating that we were reluctant to grant respondent's motion to dismiss without first giving the partnership 60 days to advise the Court of the name of the new TMP and giving the TMP the opportunity to ratify the petition. We also ordered petitioner to proffer evidence establishing that Mid-States was authorized to file the petition by all partners to ensure that a newly designated TMP did in fact authorize the filing of the petition. Petitioner filed a response to this order stating that Jahnke was designated successor TMP and that Jahnke ratified the petition filed by Mid-States. In response to our order, petitioner also stated that four limited partners consented to the filing of the petition by Mid-States and therefore ratify the petition. [3]
*507 We conclude that Jahnke was ineligible to serve as TMP and was not a proper party to file a readjustment petition. Under section 6231(a)(7)(A), a tax matters partner designated by the partnership must be a general partner in the partnership. Because Jahnke was not a general partner, he could not qualify as a TMP under section 6231(a)(7)(A). Respondent also alleges that statutory notices of deficiency employing an indirect method of proof of income for the taxable years 1982, 1983, and 1984 were issued to Jahnke. [4] Where a deficiency notice is mailed to a partner employing an indirect method of proof, that partner's partnership items are treated as nonpartnership items and such partner is no longer eligible to serve as TMP. Sec. 301.6231(a)(7)-1T(1)(4) and 301.6231(c)-6T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792-6793 (Mar. 5, 1987).
*508 We also conclude that the attempted ratification by the four limited partners was insufficient to perfect the petition. None of these partners was duly authorized to file the petition during the 90-day period. Petitioner's counsel declared, in the response to our order, that he had discussed the petition filed by Mid-States with these four limited partners and informed them that the filing of another petition on their behalf would not be necessary because the petition had been filed by Mid-States as TMP on behalf of all partners. Essentially, petitioner argues that the limited partners refrained from filing a petition during the 60-day period provided under section 6226(b) because they relied on the petition filed by Mid-States to protect their interests. Although we are sympathetic to the plight of the limited partners, this Court is without jurisdiction where the requirements of section 6226 have not been satisfied. We reject petitioner's suggestion that this case be consolidated with the docket filed by the four limited partners. Such a consolidation would essentially allow petitioner to vitiate the statutory jurisdictional requirements and confer jurisdiction on the Court *509 where a valid petition is not filed during the section 6226 time limits. Accordingly, because petitioner's attempt to designate Jahnke as TMP was unsuccessful, we are disposed to allow petitioner an additional 60 days to come forward with the name of an individual who is willing to serve as TMP and ratify the invalid petition in this case. See Montana Sapphire Associates v. Commissioner, 95 T.C. 477, 483-484 (1990). Jahnke is ineligible to serve as TMP because his partnership items have been converted to nonpartnership items. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the taxable years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Mo. Ann. Stat. sec. 351.525 (Vernon 1991) provides in pertinent part: the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, * * * and the trustees as such shall have power to sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such; and the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.↩
3. These four limited partners have filed a petition in a companion case involving later years presently pending before the Court as partners other than tax matters partner.↩
4. Respondent was not aware of the issuance date of the notice pertaining to 1982 and 1983; however, in his motion to dismiss, respondent stated that the 1984 notice was issued on October 14, 1988.↩